STATE OF MINNESOTA v. CHARLES R. LOWE.[1]

November 24, 1896.

Nos. 10,359—(48).

**Murder in Third Degree—Indictment.**
>   *Held*, to sustain a charge of murder in the third degree, under the first part of section 6440, G. S. 1894, it is not necessary that more than one person was or might have been put in jeopardy by the reckless acts of the accused, but it is necessary that the act was committed without special design upon the particular person or persons with whose murder the accused is charged.

**Same—Cause of Death.**
>   *Held*, further, the indictment in this case does not state a public offense, because it does not sufficiently charge that death was caused by any of the acts or omissions of the accused.

Defendant was indicted in the district court for Ramsey county for murder in the third degree, and on a trial before Kelly, J., the jury returned a verdict of guilty, as charged in the indictment. From a judgment adjudging defendant guilty of the offense charged, and sentencing him to the state prison for seven years, defendant appealed. Reversed.

*E. M. Card* and *C. N. Akers*, for appellant.
*H. W. Childs* and *Geo. B. Edgerton*, for respondent.

CANTY, J. The appellant was convicted on the indictment hereinafter set out, and sentenced to the penitentiary. The only points urged on this appeal are: first, that the indictment does not state facts sufficient to constitute murder in the third degree; and, second, that it does not state facts sufficient to constitute any degree of murder or manslaugher, because it does not sufficiently charge that Clara Bergh died by reason of, or as a result of, the acts or omissions of appellant.

Excluding the title and formal ending, the indictment reads as follows:

"Charles R. Lowe is accused by the grand jury of the county of Ramsey, by this indictment, of the crime of murder in the third degree,

[1] Reported in 68 N. W. 1094.

committed as follows: The said Charles R. Lowe, on the 5th day of July, A. D. 1895, at the city of St. Paul, in said county, then and there being, did wrongfully, unlawfully, feloniously and without authority of law, with a design then and there had and entertained by him, the said Charles R. Lowe, to effect the death of one Clara Bergh, but without deliberation and premeditation, kill and murder the said Clara Bergh, to wit: She, the said Clara Bergh, being on the 18th day of June, A. D. 1895, a woman, pregnant with child, and about to become sick in the labor of childbirth, was induced to go with and was taken by said Charles R. Lowe, to a room in a building known as the Globe Hotel, in said city, upon the express promise and agreement of said Charles R. Lowe to and with her, the said Clara Bergh, that he, the said Charles R. Lowe, for hire and reward to be given and paid by her to him, would during her sickness in and after the labor of childbirth, provide for her the treatment, care and medicine of a skilled physician, the nursing, care, and attention necessary to be given her in her sickness, together with all other things needed during the time she remained sick. And, she, the said Clara Bergh, immediately upon being taken to said room by said Lowe, became sick therein in the labor of childbirth, and was thereafter delivered of the child with which she was pregnant and thereafter until her death, remained in said room, sick, weak, and helpless, and was and remained during all said time wholly unable to leave said room, or in any manner to care or provide for herself. And he, the said Charles R. Lowe, from the said 18th day of June, until her death, evincing a depraved mind, regardless of human life and by an act imminently dangerous to others, unlawfully, feloniously and designedly, although *with* a premeditated design to effect the death of any individual, failed, neglected and refused to procure for her any medicine or the care, treatment or attention of any physician or medical men, and refused to allow her to be nursed or in any manner to be treated or cared for by other persons (except at divers times between the 19th day of June, 1895, and the 28th day of June, 1895, he permitted one W. H. Sigler to visit and prescribe for her, said Clara Bergh, but at no other time or times), during all of which said time, from the said 18th day of June until her death, she, said Clara Bergh, was by said Lowe kept in said room in the sole charge and custody of said Charles R. Lowe, from which said room she was unable to go, and to which he refused to allow others to come, and during all of said time she was sick and in great suffering and pain from and in consequence of said labor and from blood poisoning and other diseases and sicknesses to this grand jury unknown, and was unable to move or procure or ask for assistance from any person, which said blood poisoning, diseases and sicknesses were then and there threatening and imminently dangerous to the life of said Clara Bergh, and she was then and there and during all of said time in the great and immediate need of the treatment, attention and medicine of a physician, and of the care and services of a nurse, all of which he, the said Charles R. Lowe, then and there well knew; it was at all said times the duty of said Charles R. Lowe to procure for her the treat-

ment and medicine of a physician, and the care and services of a nurse, and he was at all said times well able to procure and furnish all of the same according to the terms of his promise and agreement, and in accordance with his duty; by reason of the failure and neglect of said Charles R. Lowe, hereinbefore mentioned, she, the said Clara Bergh, did languish, and languishing, did live until the 5th day of July, A. D. 1895, on which last-named day she died at said county of the said neglect and the sickness induced thereby."

The only portions of the Penal Code necessary to be considered are found in G. S. 1894, as follows:

"Sec. 6437. The killing of a human being, unless it is excusable or justifiable, is murder in the first degree, when perpetrated with a premeditated design to effect the death of the person killed, or of another.

"Sec. 6438. Such killing of a human being is murder in the second degree, when committed with a design to effect the death of the person killed, or of another, but without deliberation and premeditation."

"Sec. 6440. Such killing of a human being, when perpetrated by an act eminently dangerous to others, and evincing a depraved mind, regardless of human life, although without a premeditated design to effect the death of any individual, * * * is murder in the third degree."

"Sec. 6449. Such homicide is manslaughter in the second degree when committed without a design to effect death: * * * (3) By any act, procurement, or culpable negligence of any person, which, according to the provisions of this chapter, does not constitute the crime of murder in the first or second degree, nor manslaughter in the first degree."

We are of the opinion that the facts attempted to be set out in this indictment would not, even if properly set out, constitute a charge of murder in the third degree. The portion of section 6440 above quoted was intended to cover cases where the reckless, mischievous, or wanton acts of the accused were committed without special regard to their effect on any particular person or persons, but were committed with a reckless disregard of whether they injured one person or another.

A very full discussion of the meaning of this portion of this section may be found in the opinions of Selden, Denio, and Parker, JJ., in Darry v. People, 10 N. Y. 120. But in one respect we do not agree with the reasoning in that case. It is there held that, in order to bring the case within this statutory provision, the reckless act of the accused must jeopardize the lives or safety of more than one person. We do not deem it necessary that more than one person was or might

have been put in jeopardy by such act. G. S. 1894, § 6842, subd. 10, provides, "The singular number includes the plural, and the plural the singular." It is, however, necessary that the act was committed without special design upon the particular person or persons with whose murder the accused is charged. The acts and omissions here in question are not of that character. They had special reference to Clara Bergh. It was not a case where the act or omission did or could affect any person or persons who happened to come along, or be in the way, at the time of the act or omission.

Let us now proceed to consider the indictment as it is written. We cannot hold that this indictment charges murder in a higher degree, committed intentionally (and therefore ·charges at least as high a crime as murder in the third degree), or that it charges manslaughter committed by his culpable neglect, under the third subdivision of section 6449, for the reason that it is not sufficiently charged that the acts and omissions of the accused were the cause of death. True, it is charged that he neglected, failed, and refused to procure medicine, care, or medical treatment for her; but it is nowhere alleged that she would have lived, or would have lingered a moment longer, if he had done so.

It is alleged that she had "blood poisoning and other diseases and sickness," but it is not alleged that any of this was caused by his said neglect or refusal. In fact, the fair inference is that it was not. It is further alleged: "By reason of the failure and neglect of said Charles R. Lowe, hereinbefore mentioned, she, the said Clara Bergh, did languish, and languishing, did live until the 5th day of July, A. D. 1895, on which last-named day she died at said county of the said neglect and the sickness induced thereby." This is an allegation that she lived and languished by reason of his neglect. It is also an allegation that she died "of the said neglect and the sickness induced thereby." What sickness was "induced thereby"? It does not appear to be the same sickness above referred to. This incidental recital that she died of sickness induced by his neglect is not sufficient. There should be a direct charge that his neglect caused the sickness, and the character of the sickness should be stated, unless that character was to the grand jury unknown, and even then should be described with as much certainty as was reasonably possible under the circumstances. The mere facts that he was guilty of neglect, and

that she died, are not sufficient. It must be sufficiently stated that his neglect was the cause of her death. Whether the indictment is sufficient in other respects is not considered.

The judgment appealed from is reversed, and the cause remanded to the court below for further proceedings not inconsistent with this opinion.