## STATE v. JOHN ROTH.[1]

May 10, 1912.

Nos. 17,535—(2).

**Demurrer to indictment during course of trial.**

Defendant was convicted of arson in the third degree. It is *held* it was not error to refuse to permit defendant to demur to the indictment after the trial had begun; it appearing that the only ground for demurring was that the indictment failed to state facts sufficient to constitute the crime.

**Indictment sufficient.**

An indictment for arson in the third degree is not bad because it fails to state that the burning was "under circumstances not amounting to arson in the first or second degree," nor because the acts charged might also constitute a crime under R. L. 1905, § 5126.

**Evidence — corroboration.**

The verdict of guilty is sustained by the evidence, there was sufficient corroboration of the testimony of an alleged accomplice, and there were no prejudicial errors in the rulings on the trial.

Defendant was indicted by the grand jury of Nicollet county of the crime of arson in the third degree. He was tried in the dis-

[1] Reported in 136 N. W. 12.

---

[Note]   Arson by one spouse burning property of the other, see note in 21 L.R.A.(N.S.) 27.

trict court for that county before Olsen, J., and a jury which returned a verdict of "guilty." From an order refusing to vacate the judgment sentencing him for one year and six months at hard labor in the state prison, defendant appealed. Affirmed.

*C. H. Biorn,* for appellant.

*Lyndon A. Smith,* Attorney General, *Alonzo J. Edgerton,* Assistant Attorney General, and *George T. Olsen,* County Attorney, for the state.

BUNN, J.

Defendant was convicted of arson in the third degree, and sentenced to the state prison for one year and six months. This appeal is from an order denying his motion for a new trial.

1. The first assignment of error challenges the refusal of the trial court to permit a demurrer to the indictment after the trial had begun. It is clear, from the indictment itself, that the only ground for demurrer was that it failed to state facts sufficient to constitute the crime of arson in the third degree. As defendant could make this objection at any time, the ruling of the court was without prejudice.

2. We find no error in permitting the county attorney to comment on certain occurrences after the fire, or in receiving evidence in relation thereto.

3. The first question of importance is as to the sufficiency of the indictment. It was in the following language: "John Roth is accused by the grand jury of the county of Nicollet, by this indictment, of the crime of arson in the third degree, committed as follows: The said John Roth, on the 29th day of March, 1911, at Klossner station, in the town of Lafayette, in this county, did then and there wilfully, unlawfully, and feloniously burn a certain two-story frame store building standing and being on lot number one (1) of block number three (3) in Klossner station, in the town of Lafayette, Nicollet county, Minnesota, according to the plat of said Klossner station, filed and of record in the office of the register of deeds in and for said county, the said building being then and there

the property of one Katie Roth and one John Roth, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Minnesota." It is apparent that it was intended to charge a crime under R. L. 1905, § 5038, subd. 2, which provides that "every person who shall wilfully burn or set on fire * * * building, * * * under circumstances which would not amount to arson in the first or second degree," shall be guilty of arson in the third degree. It is argued that the indictment was fatally defective, in that it failed to state that the burning was "under circumstances which would not amount to arson in the first or second degree." We hold that it was not necessary to make this statement.

The failure to state in the indictment that the burning was in the nighttime, or that there was a human being in the building, told the defendant explicitly that he was not charged with either first or second degree arson. He was informed of the acts which the state claimed constituted the crime with which he was charged in plain words, and there was no opportunity for misunderstanding. To inform defendant that the crime was committed under circumstances that did not amount to arson in a higher degree could add nothing to his knowledge gained from the omission to charge the facts which would have made the crime arson in the first or second degree.

We do not sustain the claim that defendant would have a right to assume that he was indicted under R. L. § 5126, providing that one who wilfully burns a building "under circumstances not amounting to arson in any degree" shall be punished by imprisonment in a county jail for not more than one year. It is not easy to understand how there can be a wilful burning of a building under circumstances not amounting to arson in any degree; but, assuming that the same facts pleaded in this indictment might constitute a crime under section 5126, it is still clear that they constituted arson in the third degree, and defendant would have no right to assume that he was charged with the lesser crime, especially as the indictment expressly charges him with the crime of arson in the third degree.

It was not necessary to describe the building with any more particularity than was done in the indictment, and we hold that the

crime of arson in the third degree was sufficiently charged, and that the indictment was good.

4. It is claimed that the evidence was not sufficient to sustain the verdict, and that there were errors in the rulings on the trial. A short statement of the facts follows: The building that was burned was on March 16, 1911, and prior thereto, the property of defendant's wife and himself. It was insured for $2,000. In December, 1909, Noble P. Gruer, a boy of seventeen, was employed by defendant and worked for him until March. Gruer testified that during this winter defendant offered to give him $200 if he would burn the store building at Klossner. Gruer again worked for defendant during the winter of 1910–1911, and testified that defendant talked with him several times in an effort to induce him to burn the building, and finally proposed to give Gruer a contract for a deed to the property, by which the latter was to bind himself to pay $1,500 for the property one year from date, with the understanding that Gruer should burn the building, collect the insurance, pay the $1,500 to defendant, and retain for himself the balance of the insurance and the land. Gruer testified that defendant instructed him how to set the fire. The contract was executed by defendant's wife and himself March 16, 1911. It gave the purchase price as $2,000, and recited that $500 of this had been paid, the balance to be paid in one year. The insurance policy was assigned to Gruer, and he also executed a note for the $1,500. He testified that he went to Klossner, and after staying there a few days burned the building March 29, 1911. In corroboration of Gruer's evidence, the contract, insurance policy, and note were received, and there were also letters written by defendant to Gruer after the fire, showing a suspicious interest in Gruer's persuading the insurance company that the fire was accidental, and in having the insurance promptly settled. Gruer had testified that the $500 recited in the contract had not been paid, and was not intended to be. This was corroborated by the evidence of the cashier of the bank at Finlayson, who prepared and took the acknowledgment of the contract, and attended to the transfer of the insurance policy.

Several witnesses testified to the presence of Gruer in Klossner before and after the fire, and as to his actions.

Defendant testified on his own behalf, and denied having anything to do with inducing Gruer to burn the building. His claim, supported by the evidence of himself and his two sons, was that Gruer claimed to have some $1,700 saved, and bought the Klossner property for $1,500, with the intention of starting in business there. Putting the consideration at $2,000 was claimed to be at the suggestion of Gruer. In short, defendant's case was that there was an actual, bona fide sale to Gruer. Witnesses testified to the good reputation of defendant.

We hold that the evidence was sufficient to justify a verdict of guilty. We are of the opinion that, if Gruer was an accomplice, his evidence was sufficiently corroborated on all essential points.

The point is made that it was not arson for defendant to burn his wife's property. In view of our statutes in reference to the property of a married woman, it cannot be held that it was not the property of another than defendant. The point that the property belonged to Gruer has no merit. If the state's theory was correct, there had been no sale to Gruer.

It is urged that it was error to admit evidence relating to the insurance, because the indictment was not for burning with intent to prejudice the insurer. But the evidence was clearly admissible to show motive. Nor is it material that the policy may have been invalid. Defendant apparently considered it valid, and it was relevant evidence, though it may have been in fact void.

We have considered all of the numerous points made by defendant's counsel, and hold that there was no prejudicial error in any of the rulings complained of. The question of defendant's guilt was, on the evidence, one for the jury, and the verdict cannot be disturbed.

Order affirmed.