## STATE v. NELLIE STAPLES.[1]

### July 10, 1914.

### Nos. 18,824—(288).

**Manslaughter in second degree — indictment sufficient.**

1. A parent who by culpable negligence fails to provide care, nurture, sustenance and medical assistance to a child wholly incapable of supplying its own wants, and so causes its death is, under G. S. 1913, § 9143, guilty of manslaughter in the second degree. The indictment upon which defendant was convicted sufficiently charges facts constituting this offense.

**Indictment for manslaughter — repugnant allegations.**

2. Repugnant allegations in an indictment which negative each other do not vitiate the indictment, if neither of the repugnant allegations is necessary. An allegation of an intent to kill is not necessary in an indictment for manslaughter in the second degree, nor is an allegation that the act or neglect with which the defendant is charged was not done without a design to effect death.

**Same.**

3. The allegations in an indictment for manslaughter in the second degree of acts which constitute a more grave degree of homicide, do not vitiate the

[1] Reported in 148 N. W. 283.

---

Note.—As to the criminal liability of a parent for neglect of child causing death, see note in 61 L.R.A. 290. And the authorities on the effect of failure to provide medical attendance for child to render one guilty of manslaughter are collated in a note in 6 L.R.A.(N.S.) 685.

indictment under our statute, which provides that the same indictment may charge murder and also the different degrees of manslaughter. It was proper to charge acts and omissions constituting this offense in the conjunctive.

Defendant was indicted by the grand jury of the crime of manslaughter in the second degree, tried in the district court for Benton county before Roeser, J., and a jury, and convicted. Defendant moved for a new trial for the reason that the indictment was defective in not stating facts sufficient to constitute a public offense, and the questions of law arising in determining that motion were certified to this court pursuant to the provisions of G. S. 1913, § 9251, upon the following questions:

(1) Are the facts stated in said indictment sufficient to constitute a public offense?

(2) Are the facts alleged sufficient to charge crime of manslaughter in the second degree?

(3) Is it sufficiently alleged in said indictment that said child would have lived, would have lingered a moment longer if the defendant had done the acts mentioned, or had omitted to do the acts mentioned, as required and decided by the supreme court in case of State v. Lowe, 66 Minn. 296?

(4) Are the allegations of the indictment too inconsistent to charge the commission of a public offense?

(5) Is the allegation that "without premeditated design to effect the death of said male child" so inconsistent and repugnant with the allegation "wilfully, unlawfully and feloniously and without authority of law, with intent to effect the death of said male child" that it fails to state a public offense?

(6) Can the inconsistent and repugnant allegations be rejected as surplusage for the purpose of sustaining the indictment as charging a public offense?

(7) If the inconsistent and repugnant allegations be rejected, is the indictment sufficient to charge a public offense?

(8) Is the indictment "direct and certain as regards the offense and the particular circumstances thereof," as required by the decision in case of State v. Howland, 66 Minn. 309?

(9)   Does the indictment sufficiently inform the defendant of the "nature and cause of the accusation" against her as required by the Constitution of Minnesota, art. 1, § 6?

Case remanded.

*Lyndon A. Smith,* Attorney General, *John C. Nethaway,* Assistant Attorney General, *John Senn,* County Attorney, for plaintiff.

*James H. Maybury* and *Warren H. Stewart,* for defendant.

HALLAM, J.

Defendant was convicted of manslaughter in the second degree. On the trial her counsel objected to the introduction of any evidence on the ground that the indictment did not state facts sufficient to constitute a public offense. This objection was overruled. The correctness of this ruling is the question presented on this appeal.

1. The offense of manslaughter in the second degree is committed, by the killing of a human being when done without a design to effect death, "by any act, procurement, or culpable negligence  *  *  * which  *  *  * does not constitute the crime of murder in the first or second degree, nor manslaughter in the first degree." G. S. 1913, § 8612. This is sometimes called "involuntary manslaughter." This indictment charges facts sufficient to constitute this offense. The indictment abounds in repetition, but repetition alone does not vitiate an indictment. It would have much better satisfied every requirement of law had it cut loose from antiquated forms and charged facts in ordinary every day language, plainly understood. We think, however, that the indictment is sufficient in law. Our statutes provide that "no indictment shall be insufficient  *  *  * by reason of a defect or imperfection in matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits." G. S. 1913, § 9143. Under this statute an indictment should be held sufficient if it fairly advises defendant of the charges made against him. This indictment charges that defendant became the mother of a male child, that after its birth and on the same day she wilfully made an assault upon said child, and by acts, procurements and culpable negligence she did wilfully neglect to provide care, nurture, sustenance and medical assistance and aid, to

preserve its life, but wholly neglected it, and that in consequence thereof "and by reason of the * * * felonious neglect, abandonment and refusal to care for and provide * * * for said * * * child needful food, sustenance, care, aid, and assistance for the maintenance of the life of * * * said * * * child by her, the said Nellie Staples, * * * and * * * for want of proper care, nurture and assistance, and medical assistance and attendance, and by reason of said wilful, unlawful and felonious acts and culpable negligence of said Nellie Staples committed, the life of said male child was * * * shortened and * * * said * * * child did * * * languish * * * and * * * die."

These allegations are sufficient. A parent who, by culpable negligence, fails to provide care, nurture, sustenance and medical assistance to a child wholly incapable of supplying its own wants, and so causes its death is, under this statute, guilty of manslaughter in the second degree.

It is contended that this language does not sufficiently charge that the acts of negligence of defendant caused the death of the child. We think it does. It contains very direct charges to this effect, and it is in this respect sufficient. State v. Lowe, 66 Minn. 296, 68 N. W. 1094, cited by defendant, is plainly distinguishable. This indictment is not open to the objections on which the indictment in that case was held invalid.

2. It is further contended that the allegations of the indictment are repugnant and contradictory, and that for this reason it does not charge any offense at all. This contention is based mainly on the language that the defendant did the acts charged "without premeditated design to effect the death of the said * * * child, wilfully, unlawfully and feloniously, and without authority of law, with intent to effect the death of said * * * child." The contention of counsel for defendant is that the two expressions "without premeditated design to effect * * * death" and "with intent to effect * * * death," "exactly and completely negative each other and therefore leave the indictment as if neither had been stated," and that this inconsistency rendered the whole indictment

void. We need enter into no inquiry as to whether "premeditated design" and "intent" mean the same thing. For purposes of this case we may accept defendant's construction of the language of the indictment. It does not follow, however, that the indictment fails to state a public offense, for it is clear that it is not necessary to allege either intent or wanton design to effect death in an indictment for manslaughter in the second degree.

Manifestly it is not necessary to allege intent to kill, for in manslaughter in the second degree there is no such intent. If such intent exists the crime is murder. Cox v. People, 80 N. Y. 500, 515; State v. Smith, 65 Me. 257; Wharton, Homicide, §§ 578, 211.

It is also quite clear that it is not necessary in an indictment for manslaughter in the second degree to allege the negative that the killing was "done without a design to effect death." The sole purpose of inserting in the statute the words "without a design to effect death" as an element of this offense was to dispense with allegation and proof of any such design. It cannot be supposed that the legislature meant thereby to require affirmative allegation or proof by the state that the killing was absolutely without any design to effect death, for if the state must allege and prove this it would follow that the defendant might base a defense on the ground that the defendant in fact entertained a design to effect death. No such absurdity was ever intended. That no such allegation is required in an indictment is quite generally recognized. Dolan v. People, 64 N. Y. 485, 498; Brown v. State, 110 Ind. 486, 11 N. E. 447; Sutcliffe v. State, 18 Oh. 469; Wharton, Homicide, § 575.

This same principle has been applied in this state. State v. Matakovich, 59 Minn. 514, 520, 61 N. W. 677; State v. Roth, 117 Minn. 404, 136 N. W. 12.

In State v. Matakovich, 59 Minn. 514, 61 N. W. 677, the charge was voluntary manslaughter in the second degree, which is distinguished from the graver degrees of homicide in that the killing is "in the heat of passion." It was held that the omission of these distinguishing words from the indictment was not a substantial defect. It was said: "That the crime was committed in the heat of passion is a mitigating, not a differentiating, circumstance; so that a failure

to allege it, or a failure to prove [it], could not  *  *  * have prejudiced the accused."

In State v. Roth, 117 Minn. 404, 136 N. W. 12, it was held that an indictment for arson in the third degree is not bad because it fails to state that the burning was "under circumstances not amounting to arson in the first or second degree." See also State v. Stokely, 16 Minn. 249, 257 (282, 293).

3. There are other allegations in the indictment as to "wilful" conduct on the part of defendant, which defendant contends are inconsistent with the charge of manslaughter in the second degree. If this be true, it does not help defendant's case. It only signifies that defendant's crime, instead of being treated as manslaughter, might have been treated as the more serious crime of murder. Our statute provides that the same indictment may charge murder, and also the different degrees of manslaughter, and "where it is doubtful to what class an offense belongs, the indictment may contain several counts, describing it as of different classes or kinds" (G. S. 1913, § 9138), and upon an indictment for murder the jury may find the defendant guilty of manslaughter in any degree (G. S. 1913, § 9213), though such offense may not be described in the indictment. If "the act for which the accused is indicted is the same for which he is convicted, the conviction of a lesser degree is proper, although the indictment contains averments constituting the offense of the highest degree of the species of crime," and this is true even though it "omits to state the particular intent and circumstances characterizing a lower degree of the same crime." State v. Lessing, 16 Minn. 64 (75); Bush v. Commonwealth, 78 Ky. 268; People v. Pearne, 118 Cal. 154, 50 Pac. 376; McNevins v. People, 61 Barb. (N. Y.) 307; Pigg v. State, 145 Ind. 560, 43 N. E. 309; Isham v. State, 38 Ala. 213; Watson v. State, 116 Ga. 607, 43 S. E. 32, 21 L.R.A.(N.S.) 1. Defendant cannot be heard to complain that the charge on which he was tried and convicted was not so grave as the facts alleged in the indictment would warrant. State v. Edmunds, 20 S. D. 135, 104 N. W. 1115.

The indictment charged "acts, procurements and culpable negligence" in the conjunctive. This was proper pleading. Common-

wealth v. Macloon, 101 Mass. 1, 100 Am. Dec. 89; Madina v. State, (Tex. Cr. App.) 49 S. W. 380.

Case remanded with directions to proceed in accordance with the views expressed in this opinion.