## STATE v. WILLIAM WALKER.

157 N. W. (2d) 508.

March 15, 1968—No. 40,840.

*John C. DeMoss,* for appellant.

*Douglas M. Head,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* and *David Weinberg,* Assistant County Attorneys, for respondent.

Heard before Knutson, C. J., and Murphy, Rogosheske, Sheran, and Peterson, JJ.

SHERAN, JUSTICE.

Appeal from an order denying defendant's motion for a new trial following a judgment of conviction.

On October 25, 1966, one Harry Grey was shot in his Minneapolis home, and as a result, defendant was charged and tried for the crime of aggravated assault. The jury was instructed that it could find defendant (1) guilty of violating Minn. St. 609.225, subd. 1, (intentional infliction of great bodily harm); (2) guilty of violating § 609.225,

subd. 2, (assault with a dangerous weapon, but without intent to inflict great bodily harm); or (3) innocent. It found him guilty of violating § 609.225, subd. 2. He appeals to this court contending that the evidence does not support the verdict and that the trial judge erred in not declaring a mistrial when the prosecuting attorney made reference to the failure of a certain witness, presumably a friend of the defendant, to appear at the trial.

■  Grey testified that at about 5:30 p. m. on the evening of the shooting he responded to a knocking at his door and, opening it, found Walker and his "girlfriend" standing there. Within seconds, Walker accused Grey of improper conduct and, raising a revolver, shot him in the abdomen. Grey related that he had not seen the gun until just before it was fired and had no reason to think Walker might shoot him. Grey's wife was in the kitchen at the time. She did not see the shooting, but she did hear the conversation at the door and her testimony supported that of her husband in that respect. Although Grey recovered from the wound, medical testimony indicates that it might very well have been a fatal one.

Walker's version of the incident is quite different. He testified, in effect, that the injury suffered by Grey resulted from the accidental discharge of a revolver during the course of a struggle for the possession of it. He denied bringing a weapon to Grey's apartment that day, claiming that the gun involved was one held by Grey as a pledge to secure repayment of a loan and that he was in the process of redeeming it when the accident situation developed.

Minn. St. 609.225 provides:

"Subdivision 1. Whoever intentionally inflicts great bodily harm upon another may be sentenced to imprisonment for not more than ten years or to payment of a fine of not more than $10,000, or both.

"Subd. 2.    Whoever assaults another with a dangerous weapon *but without intent to inflict great bodily harm* may be sentenced to imprisonment for not more than five years or to payment of a fine of not more than $5,000, or both." (Italics supplied.)

The defendant argues that it was improper for the court to instruct

the jury with respect to subd. 2 because the shooting and the harm were intentional if Grey is to be believed; accidental otherwise. We disagree. The jury could have found that the assault was intended but that the intent to inflict great bodily harm was not proved. The purpose of the words "but without intent to inflict great bodily harm" is to relieve the prosecution of the burden of proving such an intent, not to require affirmative proof that there was no intent to inflict the serious injury. Cf. State v. Staples, 126 Minn. 396, 148 N. W. 283. Both State v. Ingram, 273 Minn. 356, 141 N. W. (2d) 802, and State v. Norlander, 277 Minn. 463, 152 N. W. (2d) 774, involve convictions under Minn. St. 609.225, subd. 2. It was not error for the court to instruct the jury that they could find the defendant guilty of violating § 609.225, subd. 2, as a lesser and included offense of the crime charged. State v. Jordan, 272 Minn. 84, 136 N. W. (2d) 601.

■ The second issue raised by the defendant is that the prosecuting attorney improperly made reference to the failure of a witness, presumably friendly to defendant, to appear at trial.

This inquiry was made of defendant with respect to his friend, Joanne, who was present at the time of the shooting:

"Q. Where is she at today?

"MR. DeMoss: I object to that. That's not relevant, your Honor.

"THE COURT: Objection overruled.

"Q. Where is she at today, Joanne?

"A. I haven't the slightest idea. She were here, but she's not.

"Q. Was she in the court house yesterday or nearby?

"A. Yes."

There is no duty on the part of a defendant in a criminal case to produce witnesses. State v. Peterson, 266 Minn. 77, 123 N. W. (2d) 177. If the quoted questions were intended to suggest otherwise, they were improper. However, the matter was not pursued and it was never suggested that the jury could draw inferences unfavorable to defendant because of the absence of this witness. In our opinion, prejudicial error has not been made to appear on this ground.

Affirmed.