## STATE v. TERRENCE LeROY HENDERSON.

185 N. W. (2d) 892.

March 19, 1971—No. 42492.

*C. Paul Jones*, State Public Defender, *Roberta K. Levy*, Assistant State Public Defender, and *Doris O. Huspeni*, for appellant.

---

*Warren Spannaus*, Attorney General, *George M. Scott*, County Attorney, and *David G. Roston*, Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Murphy, Otis, Rogosheske, and Odden, JJ.

ROGOSHESKE, JUSTICE.

Appeal from a conviction for aggravated assault in violation of Minn. St. 1967, § 609.225, subd. 2,[1] and from an order denying defendant's motion for a new trial.

Defendant, aged 17, was charged with assaulting Douglas Roderick, aged 20, in a Plymouth Avenue bus on May 16, 1969, with a switchblade knife "but without intent to inflict great bodily harm, by then and there cutting the [victim] across the face and upon his body." He was found guilty by a jury and sentenced to the custody of the Youth Conservation Commission for an indeterminate term of 5 years. He is now on parole.

Defendant seeks a new trial, contending (1) that the evidence is insufficient to support a finding that he in fact inflicted the cuts upon the victim's face and left forearm and puncture wounds in his chest and back with a knife, which he argues is supported only by the testimony of the victim; and (2) that it was prejudicial error to admit evidence of the nature and extent

---

[1] Minn. St. 1967, § 609.225, subd. 2, provided: "Whoever assaults another with a dangerous weapon but without intent to inflict great bodily harm may be sentenced to imprisonment for not more than five years or to payment of a fine of not more than $5,000 or both."

The 1969 legislature amended this statute to read: "Whoever assaults another with a dangerous weapon but without inflicting great bodily harm may be sentenced to imprisonment for not more than five years or to payment of a fine of not more than $5,000, or both." Minn. St. 609.225, subd. 2. Presumably this change was intended merely to make clear that proof of no intent to inflict great bodily harm is not an essential element of this offense, as declared in State v. Walker, 279 Minn. 441, 157 N. W. (2d) 508.

of these wounds, since bodily harm is not an essential element of the offense charged.

Our careful review of the transcript of the testimony compels the conclusion that there was ample evidence to sustain the conviction. It is undisputed that defendant and the victim engaged in a legally unjustified fight on the bus. The conflict in the testimony was whether defendant initiated the fight by striking the first blow with a switchblade knife and in the struggle inflicted the wounds sustained by the victim, or whether the latter first "jumped" defendant and received the wounds at the hands of five to eight unidentified persons who boarded the bus while the struggle was in progress and "beat" the victim "off," as defendant and others testified. In short, the crucial question was whether defendant used a knife during the fight. As observed by the trial court in denying defendant's motion for a new trial, this was a "pure question of fact for the jury to determine." The evidence permitted the jury to decide the issue either way. Under the rules governing our limited scope of review of fact questions, we must assume that the jury believed the victim's testimony and disbelieved the testimony which contradicted it. State v. Collins, 276 Minn. 459, 150 N. W. (2d) 850, certiorari denied, 390 U. S. 960, 88 S. Ct. 1058, 19 L. ed. (2d) 1156. This assumption appears fully justified when the evidence is considered in its entirety, including the undisputed fact that defendant left the scene immediately after the victim was forced to release his grip of defendant's hands before police officers arrived.

With respect to the evidence describing the nature and extent of the victim's wounds, we need only say that while great bodily harm was not an essential element of the offense charged, a person who has inflicted such harm may be convicted of violating § 609.225, subd. 2. State v. Walker, 279 Minn. 441, 157 N. W. (2d) 508. Thus, this evidence was clearly relevant (1) to prove that defendant intentionally assaulted the victim, that is, that he intended to cause fear of immediate bodily harm or intended

to inflict, or attempted to inflict, bodily harm upon the victim as the assault offense is defined by § 609.22; and (2) to give circumstantial evidentiary support to the victim's testimony that defendant used a knife and inflicted the wounds when committing the assault. The testimony covering this evidence takes up only a few pages of the record, and its manner of presentation by the testimony of the victim and an investigating police officer can in no wise support a claim of a prosecutorial attempt to incite the jury to passion or prejudice against defendant. State v. Silvers, 230 Minn. 12, 40 N. W. (2d) 630; State v. Fournier, 108 Minn. 402, 122 N. W. 329.

Affirmed.