## STATE v. WILLIE F. FIELDS.

237 N. W. 2d 634.

January 9, 1976—No. 45423.

*C. Paul Jones*, State Public Defender, and *Mark W. Peterson*, Assistant State Public Defender, for appellant.

*Warren Spannaus*, Attorney General, *William B. Randall*, County Attorney, and *Steven C. DeCoster*, Assistant County Attorney, for respondent.

PER CURIAM.

Defendant was found guilty by a district court jury of a charge of burglary, Minn. St. 609.58, subd. 2(1)(a), and sentenced by

the trial court to a maximum of 20 years' imprisonment, this term to run consecutively to terms for prior convictions. On this appeal from judgment of conviction, defendant contends that the evidence was insufficient as a matter of law and that the prosecutor's closing argument was prejudicially improper. There is no merit to the first issue since he was caught inside the building being burglarized.

As to the second issue, it appears that the prosecutor erred in commenting on defendant's failure to call witnesses to corroborate his testimony. We have clearly disapproved of any argument by the prosecutor concerning the failure of a defendant to produce witnesses. We said in State v. Caron, 300 Minn. 123, 127, 218 N. W. 2d 197, 200 (1974):

"The following fairly recent cases support defendant's claim that this statement by the prosecutor was improper: State v. White, 295 Minn. 217, 203 N. W. 2d 852 (1973); State v. Bell, 294 Minn. 189, 199 N. W. 2d 769 (1972); State v. Russell, 282 Minn. 223, 164 N. W. 2d 65, certiorari denied, 396 U. S. 850, 90 S. Ct. 109, 24 L. ed. 2d 100 (1969); State v. Walker, 279 Minn. 441, 157 N. W. 2d 508 (1968). These cases all state that a prosecutor may not comment on a defendant's failure to call witnesses. We have given two reasons for this rule: First, such comment might suggest to the jury that defendant has some duty to produce witnesses or that he bears some burden of proof; second, the comment might erroneously suggest to the jury that defendant did not call the witnesses because he knew their testimony would be unfavorable."

See also, State v. Meadows, 303 Minn. 76, 226 N. W. 2d 303 (1975).

In discussing the testimony of defendant, the prosecutor stated:

"* * * There is no corroborating evidence on this point. The brother has not been called, the girlfriend has not been called.

"There is no evidence, other than the defendant's word for it,

other than his explanation of why he was there that supports that particular version of the facts."

This strong language makes it difficult to affirm and we do so only because the evidence is so strong that we cannot conclude that the misconduct played a substantial part in influencing the jury to convict. In another factual setting such remarks might well be reversible error.

Affirmed.