## STATE v. RICHARD REDD.

245 N. W. 2d 257.

August 20, 1976—No. 42923.

C. *Paul Jones*, State Public Defender, and *Jerome Truhn*, Assistant State Public Defender, for appellant.

*Keith M. Brownell*, County Attorney, and *Michael W. McNabb*, Assistant County Attorney, for respondent.

PER CURIAM.

This is an appeal from a judgment of conviction of third-degree murder. Defendant and Terrance Walker were both indicted for first-degree murder in the beating death of Milton Richardson, a Duluth bar owner, on July 4, 1969. Walker was convicted of first-degree murder and his conviction was affirmed by this court in State v. Walker, 306 Minn. 105, 235 N. W. 2d 810 (1975). The evidence adduced against defendant at his separate trial was similar to that adduced at Walker's trial and summarized in this court's opinion in Walker, and therefore we need not detail in this opinion the evidence against defendant. However, the issues raised by defendant on his appeal differ from those raised by Walker.

The first issue raised by defendant is whether the trial court erred in permitting a witness to testify that it was while defendant was assaulting him that defendant threatened to "get" the victim, Richardson. We believe that the trial court correctly permitted the state to show the circumstances under which the

threat was made. There were other witnesses who testified that defendant had threatened to get the victim, but they felt that defendant probably was joking. Permitting the state to show the context in which the threat was made aided the jury in determining whether the defendant was serious when he threatened to get the victim.

The second issue relates to whether defendant was prejudiced by testimony, elicited inadvertently by defense counsel when questioning a police officer, that defendant had beaten his wife the night before the offense. The trial court should have granted defendant's motion to strike the evidence but we do not believe defendant was prejudiced by it.

Finally, we agree with defendant that the prosecutor erred in closing argument when he alluded to the fact that defendant had not called any expert to challenge the state's fingerprint expert's testimony, but again we do not believe the error prejudiced defendant. See, State v. Fields, 306 Minn. 521, 237 N. W. 2d 634 (1976). The evidence of defendant's guilt was very strong.

Affirmed.