McKEIG, Justice.
This case presents the question of whether the third-degree murder statute requires the State to prove beyond a reasonable doubt that the defendant lacked an "intent to effect the death of any person." The district court found respondent Marie Jessica Hall guilty of several offenses, including third-degree murder. The third-degree murder statute states:
Whoever, without intent to effect the death of any person , causes the death of another by perpetrating an act eminently dangerous to others and evincing a *738 depraved mind, without regard for human life, is guilty of murder in the third degree and may be sentenced to imprisonment for not more than 25 years.
Minn. Stat. § 609.195(a) (2018) (emphasis added). On appeal, Hall raised three claims, including a claim that there was insufficient evidence to support her conviction because the State failed to prove beyond a reasonable doubt that she lacked an intent to effect the death of any person. More specifically, Hall argued that the district court's finding that her "driving conduct was an apparent suicide attempt" reflected, contrary to the text of the statute, an intent to effect the death of a person, namely herself. Persuaded by Hall's argument, the court of appeals reversed Hall's conviction without considering Hall's alternative argument that her conduct did not evince a depraved mind. Because the third-degree murder statute does not require the State to prove beyond a reasonable doubt that the defendant lacked an intent to effect the death of any person, we reverse and remand for consideration of Hall's alternative argument.
FACTS
Hall is a 26-year-old woman with a history of mental illness involving periods of psychosis. On January 28, 2016, Hall crashed the SUV that she was driving into a City of Bloomington maintenance truck, killing the passenger in the truck and severely injuring the other occupant. The State charged Hall with third-degree murder, Minn. Stat. § 609.195(a), criminal vehicular homicide, Minn. Stat. § 609.2112, subd. 1(a)(1) (2018), and criminal vehicular operation, Minn. Stat. § 609.2113, subd. 1(1) (2018). Hall asserted a mental-illness defense and waived her right to jury trial. The district court bifurcated the bench trial into a guilt phase and a mental-illness phase.
The district court made the following findings of fact. During the week leading up to the crash, Hall was in the midst of a mental illness episode. The morning of the crash, Hall cut all of the electronic cords in her apartment, threw condiments, dish soap, and flour all over the walls and ceiling, and put her furniture into strange positions, among other acts. Fixated on the idea that she must die to get into Heaven, Hall decided to kill herself. She got into her car and drove to a Sam's Club, where she grabbed two bottles of vodka, threw money into the air, then left. Once inside her car, Hall drank about four shots of vodka before driving out of the parking lot.[1] Surveillance video from Sam's Club shows that she left the parking lot at 10:20 a.m.
Hall was driving at a rate of about 100 miles per hour and was still pressing the accelerator when she crashed into the maintenance truck near the intersection of American Boulevard and Portland Avenue South, in the City of Bloomington. There were "many other" cars on the road at the time. According to Hall, she did not apply her brakes before the crash because she was trying to "end all be all;" she believed that "you must die by the flesh to get to heaven." Hall knew her actions put others at risk, and her conduct was "an apparent suicide attempt."
Based on its findings of fact, the district court determined that Hall had caused the death of another, by perpetrating an act eminently dangerous to others, which evinces a depraved mind regardless of human life, and, therefore, she was guilty of third-degree murder.[2]
*739 During the mental-illness phase, the district court considered whether Hall's mental illness prevented her from understanding the nature of her act, or that it was wrong. See Minn. Stat. § 611.026 (2018) ("[A] person shall not be excused from criminal liability except upon proof that at the time of committing the alleged criminal act the person was laboring under such a defect of reason, from one of these causes, as not to know the nature of the act, or that it was wrong."). Although the district court acknowledged that it was a "close call," it ultimately determined that Hall failed to meet her burden to prove the defense of mental illness by a preponderance of the evidence. Hall was sentenced to 100 months in prison, a downward durational departure, for her third-degree murder conviction.
Hall timely appealed her conviction to the court of appeals, raising three arguments. First, Hall argued there was insufficient evidence to support her conviction because the State failed to prove beyond a reasonable doubt that she lacked an intent to effect the death of any person, contrary to Minn. Stat. § 609.195(a). Second, she argued that the evidence did not establish that she acted with a depraved mind. Third, Hall argued that the district court erred when it determined that she had failed to prove the defense of mental illness by a preponderance of the evidence.
A divided panel of the court of appeals reversed Hall's third-degree murder conviction because the State had failed to demonstrate that Hall acted "without intent to effect the death of any person."[3] State v. Hall , 915 N.W.2d 528, 531 (Minn. App. 2018). The majority held that the phrase, "without intent to effect the death of any person" is an element of the offense, and therefore, must be proven beyond a reasonable doubt. Id. at 534. It reasoned that "[w]hen the legislature 'includes the absence of a fact in the definition of an offense, the absence of that fact is generally treated as an element of the offense.' " Id. (quoting State v. Burg , 648 N.W.2d 673, 678 (Minn. 2002) ). The majority also observed that the statute " 'excludes a situation where the animus of a defendant is directed toward one person only.' " Id. (quoting Stiles v. State , 664 N.W.2d 315, 321 (Minn. 2003) ). The majority did not consider Hall's claim that the evidence was insufficient to support a finding that Hall's actions evinced a depraved mind. The dissent argued that binding precedent compelled the court of appeals to hold that the disputed language was not an element of third-degree murder. Id. at 540 (Hooten, J., dissenting) (citing State v. Cole , 542 N.W.2d 43, 50-51 (Minn. 1996) ; State v. Moore , 438 N.W.2d 101, 108 (Minn. 1989) ; State v. Mytych , 292 Minn. 248, 194 N.W.2d 276, 282-83 (1972) ; State v. Walker , 279 Minn. 441, 157 N.W.2d 508, 508-10 (1968) ; State v. Staples , 126 Minn. 396, 148 N.W. 283, 284 (1914) ).
The State petitioned for our review on the issue of whether the third-degree murder statute requires the State to prove beyond a reasonable doubt that the defendant lacked an "intent to effect the death of any person." Hall filed a conditional cross-petition for review on the issues of whether the evidence established that she acted with a depraved mind and whether the district court erred when it determined that she failed to prove the defense of mental illness by a preponderance of the evidence. We granted the State's petition and denied Hall's conditional cross-petition.
*740 ANALYSIS
This case presents the question of whether the third-degree murder statute, Minn. Stat. § 609.195(a), requires the State to prove beyond a reasonable doubt that the defendant lacked an "intent to effect the death of any person." We review questions of statutory interpretation de novo. State v. Vasko , 889 N.W.2d 551, 556 (Minn. 2017).
The arguments of the parties focus on two different lines of precedent rather than the plain language of the statute. The State relies on a line of precedent beginning with State v. Stokely , 16 Minn. 282 (1871), in which we held that the "without" clause of the statute that was the precursor to the current third-degree murder statute was not an element of the offense. Id. at 293-94.[4] Cases in the Stokely line of precedent include Walker , 279 Minn. 441, 157 N.W.2d 508 ; Mytych , 194 N.W.2d 276 ; and Cole , 542 N.W.2d 43. By contrast, Hall relies on a line of precedent beginning with State v. Brechon , 352 N.W.2d 745 (Minn. 1984), in which we viewed the "without" clause of the statute as either an element or an affirmative defense. Id. at 750. Cases in the Brechon line of precedent include In re Welfare of L.Z. , 396 N.W.2d 214 (Minn. 1986) ; Burg , 648 N.W.2d 673 ; and State v. Timberlake , 744 N.W.2d 390 (Minn. 2008).
The Stokely line of precedent, which began in 1871, is applicable here. In Stokely , we rejected the defendant's argument that the State was required to demonstrate that the killing "was without a design to effect death" in the statute that was the precursor to the current third-degree murder statute. 16 Minn. at 293-94 (interpreting Minn. Gen. Stat. ch. 94 § 2 (1866)). More specifically, we wrote:
The defendant contends that the prosecution [is] bound to make out affirmatively, not only that the killing was unlawful , and perpetrated by [any act eminently dangerous to one or more persons], and evidencing [a depraved mind regardless of the life of the person or persons], but also that it was without a design to affect death.
Id. (emphasis added). Calling the defendant's contention "a mistake," we explained that "[t]he defendant's theory would require the prosecution to negative, by affirmative proof, the very fact which it has to prove affirmatively, to support the [first-degree murder] charge in the indictment." Id. at 294. We, therefore, held that the State is not required "to prove affirmatively that [the unlawful killing] was without design to effect death." Id.
In Mytych , we reaffirmed that the elements of third-degree murder do not require a showing that the unlawful killing was "without design to effect death." 194 N.W.2d at 282. In that case, a woman was convicted of third-degree murder for shooting and killing the wife of her ex-lover after shooting and injuring her ex-lover. Id. at 278. After a bench trial, the judge found the evidence insufficient to support a first-degree murder conviction because the State did not demonstrate intent *741 to effect death, but found the defendant guilty of third-degree murder and aggravated assault. Id. at 281. On appeal, the defendant argued that because the "fatal shots were directed with particularity," she could only be found guilty of second-degree manslaughter. Id. In rejecting the defendant's argument, we observed that the district court found that "the four statutory essentials of murder in the third-degree had been met." Id. (emphasis added). We then quoted heavily from the district court's order, which listed the four essential elements of third-degree murder as follows:
1. The act must cause the death of another.
2. The death must be caused by perpetrating an act eminently dangerous to others.
3. The act must evince a depraved mind regardless of human life.
4. The act must have been committed in Ramsey County, Minnesota on March 14, 1968.
Id. at 282. We also quoted the district court's observation that "while [the third-degree murder statute] states that the act must be committed without intent to effect death, affirmative proof of the lack of such intent is not necessary." Id.[5] After reviewing the evidence presented by the State, we concluded that it "amply supports a conviction of third-degree murder." Id. at 283.
We have applied the legal principle underlying our decisions in Stokely and Mytych to other statutes when the existence of the fact referenced in the "without" clause of the statute would constitute a more serious offense. For example, in Staples , we held that "without a design to effect death" in the second-degree manslaughter statute, Minn. Gen. Stat. § 8612 (1913), was meant to "dispense with" the requirement that such design be proven. 148 N.W. at 284. In explaining our holding, we wrote:
It cannot be supposed that the Legislature meant thereby to require affirmative allegation or proof by the state that the killing was absolutely without design to effect death ; for if the state must allege and prove this, it would follow that the defendant might base a defense on the ground that the defendant in fact entertained a design to affect death. No such absurdity was ever intended.
Id. (emphasis added). Moreover, in Walker , we held that the purpose of the clause "without intent to inflict great bodily harm" in an earlier version of a provision of the aggravated-assault statute, Minn. Stat. § 609.225, subd. 2 (1967), "is to relieve the prosecution of the burden of proving such an intent, not to require affirmative proof that there was no intent to inflict the serious injury. " 157 N.W.2d at 509-10 (emphasis added). In Walker , we recognized that, had the State proven an intent to inflict great bodily harm, the defendant would have been guilty of a more serious offense. Id.[6] More recently, *742 in Moore , we held that the phrase "without premeditation" in the second-degree murder statute, Minn. Stat. § 609.19(2) (1986), did not make second-degree murder legally inconsistent with first-degree premeditated murder. 438 N.W.2d at 108.[7] Finally, in Cole , we held that "without intent to effect the death of any person" in Minn. Stat. § 609.19(2)(1994), is not an element of second-degree felony murder. 542 N.W.2d at 50-51.
In sum, when the existence of the fact referenced in the "without" clause of the statute constitutes a more serious offense, the Stokely line of precedent applies, and the State need not prove what follows the word "without."
By contrast, the Brechon line of precedent applies when the existence of the fact referenced in the "without" clause of the statute makes the conduct not criminal. In Brechon , 352 N.W.2d at 748-49, we considered the phrase "without a claim of right" in one of the provisions of the trespassing statute, Minn. Stat. § 609.605(5) (1982), which stated: "Trespasses upon the premises of another and, without claim of right, refuses to depart therefrom on demand of the lawful possessor thereof."[8] We perceived three possible ways of interpreting the "without claim of right" clause.
First, the clause could be interpreted as "an element of the state's case requiring an acquittal if the state has not proven that the defendant did not have a right to be on the premises." Brechon , 352 N.W.2d at 749. Second, it could be interpreted as "an ordinary defense, requiring the defendant to present evidence, with the burden of persuasion on the prosecution to disprove the defense beyond a reasonable doubt." Id. Third, the clause could be interpreted as "an affirmative defense, requiring the defendant to go forward with evidence raising the defense and shoulder the persuasion burden of establishing such defense by a preponderance of the evidence." Id. Under all three interpretations, if the fact referenced in the "without" clause of the statute was proven (the defendant had a claim of right to be on the premises), the defendant's conduct was not criminal.
Ultimately, we adopted the following test for assigning the burdens of production and persuasion regarding the exculpatory fact: if the "without" phrase is not "so incorporated with the clause defining the offense that it becomes in fact a part of the description," then it is not an element, but an exception. Id. at 749 (citation omitted) (internal quotation marks omitted). Applying that test to the trespass provision in question, we determined that "without a claim of right" was an element of that provision and, therefore, if the State failed to prove the defendant trespassed without claim of right, the defendant was entitled to an acquittal. Id. at 750.
We have subsequently applied the Brechon test in several cases, including Timberlake , 744 N.W.2d at 396-97, Burg , 648 N.W.2d at 678, and In re Welfare of L.Z. , 396 N.W.2d at 222. In Timberlake , we applied the Brechon test to the phrase "without first having obtained a permit" in a gun possession statute. Timberlake , 744 N.W.2d at 395-97. In Burg , we applied this *743 test to "without lawful excuse" in a non-support of a child statute. 648 N.W.2d at 678. And in In re Welfare of L.Z. , we applied the Brechon test to a truancy statute where the disputed phrase was "without lawful excuse." 396 N.W.2d at 222-23. In each of these instances, we have treated the "without" phrase as either an element or an exception because the existence of the fact referenced in the "without" clause of the statute makes the conduct not criminal. For example, in Timberlake , we treated the "without" clause as an exception, 744 N.W.2d at 397, while in Burg , we concluded it was an element, 648 N.W.2d at 679.
In sum, when the existence of the fact referenced in the "without" clause of the statute makes the conduct not criminal, as opposed to making the conduct a more serious criminal offense, the Brechon line of precedent applies, and the assignment of the burdens of production and persuasion regarding the exculpatory fact is determined by considering whether the "without" phrase is "so incorporated with the clause defining the offense that it becomes in fact a part of the [offense] description." Brechon , 352 N.W.2d at 749.
Having clarified the application of the Stokely and Brechon lines of precedent, we consider the State's argument that the decision of the court of appeals is in direct conflict with the Stokely line of precedent. For the reasons that follow, we agree with the State.
The existence of the fact referenced in the "without" clause of the third-degree murder statute (the defendant intended to effect the death of a person) makes the defendant's conduct a more serious offense, namely second-degree intentional murder, Minn. Stat. § 609.19, subd. 1 (2018) (stating that "[w]hoever ... causes the death of a human being with intent to effect the death of the person or another, but without premeditation" is guilty of murder in the second degree). Consequently, the Stokely line of precedent applies in this case. By applying the Brechon line of precedent, the court of appeals effectively required "the prosecution to negative, by affirmative proof, the very fact which it has to prove affirmatively" to support the more serious charge of second-degree intentional murder. Stokely , 16 Minn. at 294. Such a requirement is in direct conflict with the Stokely line of precedent. Applying the Stokely line of precedent to this case, we conclude that the "without intent to effect the death of any person" clause of the third-degree murder statute, Minn. Stat. § 609.195(a), does not require the State to prove beyond a reasonable doubt that the defendant lacked an "intent to effect the death of any person."[9]
*744 We reverse the court of appeals decision because it is in direct conflict with the Stokely line of precedent. Because the court of appeals did not address Hall's alternative argument that her conduct did not evince a depraved mind, we remand to the court of appeals to address it.
CONCLUSION
For the foregoing reasons, we reverse the decision of the court of appeals and remand for further consideration of Hall's arguments on appeal.
Reversed and remanded.

Hall's alcohol concentration, which was measured from her blood drawn about 3 hours after she left Sam's Club, was .053.

The court also found Hall guilty of criminal vehicular operation (great bodily harm) in connection with the crash survivor. Minn. Stat. § 609.2113, subd. 1(1).

The court of appeals panel unanimously rejected Hall's argument that the district court erred when it determined that she had failed to establish a defense of mental illness. 915 N.W.2d 528, 538-39 (Minn. App. 2018).

In 1871, Minn. Gen. Stat. ch. 94 § 2 (1866) defined three types of murder, namely killing a human being without the authority of law when: (1) "perpetrated with a premeditated design to effect the death of the person killed, or any human being," (2) "perpetrated by any act eminently dangerous to one or more persons, and evincing a depraved mind, regardless of the life of such person or persons, although without any design to effect death," or (3) "perpetrated without any design to effect death by a person engaged in the commission of any felony." Although the statute labeled the second type of murder as "murder in the second degree," it is now labeled murder in the third degree. See Minn. Stat. § 609.195(a) ("Whoever, without intent to effect the death of any person, causes the death of another by perpetrating an act eminently dangerous to others and evincing a depraved mind, without regard for human life, is guilty of murder in the third degree.").

Hall argues that Mytych is not controlling in her case. According to Hall, the statements in Mytych regarding the essential elements of third-degree murder are dicta because they appear in our quotation of the district court order. We need not decide whether the statements are dicta or binding authority because even if they are dicta, they are well-reasoned and persuasive. See State v. Craig , 826 N.W.2d 789, 793 (Minn. 2013) (declining to determine whether the language in question was dicta because the language reflected a well-reasoned and persuasive analysis). The statements in Mytych are consistent with the legal principle articulated in Stokely , 16 Minn. at 293-94.

Hall argues that interpreting the phrase "without intent to effect the death of any person" as meant to relieve the State of any burden of proving intent would make the phrase superfluous, and therefore, violate the canon against surplusage. See, e.g. , Baker v. Ploetz , 616 N.W.2d 263, 269 (Minn. 2000) ("A statute should be interpreted, whenever possible, to give effect to all of its provisions, and 'no word, phrase, or sentence should be deemed superfluous, void, or insignificant.' " (quoting Amaral v. Saint Cloud Hosp. , 598 N.W.2d 379, 384 (Minn. 1999) )). We disagree. The phrase is not superfluous because it differentiates the offense of third-degree murder from the more serious offense of second-degree intentional murder.

"Verdicts are legally inconsistent when proof of the elements of one offense negates a necessary element of another offense." Cole , 542 N.W.2d at 50.

The trespassing statute has been renumbered. The provision at issue in Brechon is now Minn. Stat. § 609.605, subd. 1(b)(3) (2018).

Our conclusion is not inconsistent with State v. Hanson , 286 Minn. 317, 176 N.W.2d 607, 614-15 (1970) (affirming the district court's decision not to instruct jury on the lesser-included offense of third-degree murder), in which we said:
The offense [of murder in the third-degree] occurs only where death is caused "without intent to effect the death of any person," a phrase which under our decisions excludes a situation where the animus of defendant is directed toward one person only. The crime of murder in the third degree is committed only in situations "where the reckless, mischievous, or wanton acts of the accused were committed without special regard to their effect on any particular person or persons, but were committed with a reckless disregard of whether they injured one person or another."
(Citations omitted) (Emphasis added). When viewed in context, the italicized language is part of a discussion about whether the evidence supported a finding that the defendant acted with a "depraved mind," as opposed to a discussion of whether the "without" clause of the third-degree murder statute is an element of the offense. The same is true of our decision in State v. Wahlberg , 296 N.W.2d 408, 417-18 (Minn. 1980).