STATE v. HARLEY BEVERLY MORRIS.

187 N. W. (2d) 276.

May 21, 1971—No. 42248.

C. *Paul Jones,* State Public Defender, and *Doris O. Huspeni,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *James M. Kelley,* Assistant Attorney General, *William B. Randall,* County Attorney, and *Steven C. DeCoster,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Murphy, Otis, Rogosheske, and Rolloff, JJ.

PER CURIAM.

Defendant was convicted by a jury of third-degree murder in violation of Minn. St. 609.195(2). On this direct appeal from the judgment, the critical issue is whether the evidence is sufficient to sustain the

jury's verdict, which in essence amounts to a finding that defendant, without intent to effect the victim's death, caused death in the course of an aggravated assault upon the victim with a revolver. We affirm.

It is undisputed that defendant unintentionally caused his girl friend's death by firing a .22-caliber revolver. The shooting occurred during an argument in the early morning hours of August 18, 1968, following an extended drinking spree. The victim's 13-year-old daughter witnessed the extended arguments between her mother and defendant over possession of a set of keys to defendant's automobile; defendant's possession of knives and the revolver during the course of the arguments; and defendant's hitting and kicking of her mother near defendant's automobile immediately prior to the fatal shooting. The fight was precipitated by the victim's attempts to prevent defendant's departure from her apartment, where he had been living. The actual shooting was not witnessed, and defendant persists in his claim that the tragedy was accidental and resulted from a struggle for the revolver or an accidental discharge of it while he was lowering the hood of his automobile.

On August 28, 1968, 10 days after his arrest, defendant was indicted for murder in the third degree and possession of narcotics and, on August 30, entered a plea of not guilty to both counts. By a subsequent information and as a result of a plea agreement, the first charge was reduced to second-degree manslaughter and defendant pled guilty to that charge and to possession of narcotics. That plea was rejected on the basis of insufficient factual foundation to support acceptance of the plea, and the information was dismissed. Defendant's original plea was reinstated and trial on the original indictment followed. On advice of counsel, defendant did not take the stand. The state's case against defendant was primarily based on the testimony of the victim's daughter and on circumstantial evidence, the most critical of which was that after defendant left the apartment he placed the revolver in his belt and that the weapon was of the type which required cocking the trigger before it would fire. At the conclusion of the trial, defendant successfully objected to submission of any lesser included offenses to the jury, apparently in the reasonable belief that chances for acquittal on the murder charge alone were good. He was found guilty of murder in the third degree and not guilty of possession of narcotics. His motions for a directed verdict and for judgment notwithstanding the verdict were denied.

We have carefully reviewed the entire record, and under well-established rules governing the limited scope of our review, we are compelled to find that the evidence is sufficient to sustain the verdict.

Defendant also claims reversible error in admission of certain evidence. These claims are without merit. The knives which defendant held during the argument had some relevance to show defendant's intent to assault the victim. The photograph of the scene appears to be irrelevant, but its admission was harmless error since it could not have prejudiced defendant. State v. Henderson, 289 Minn. 490, 185 N. W. (2d) 892. Defendant's claim that inculpatory statements were inadmissible also has no merit since they were either made voluntarily before his arrest or after he had been given a Miranda warning and they were not made in response to improper interrogation. Jankord v. State, 290 Minn. 168, 186 N. W. (2d) 530, certiorari denied, —— U. S. ——, 92 S. Ct. 292, 30 L. ed. (2d) 257; Miranda v. Arizona, 384 U. S. 436, 86 S. Ct. 1602, 16 L. ed. (2d) 694.

Affirmed.