STATE v. KENNETH JONES.

196 N. W. 2d 606.

April 14, 1972—No. 42773.

C. Paul Jones, State Public Defender, and Kenneth F. Kirwin and Rosalie E. Wahl, Assistant State Public Defenders, for appellant.

Warren Spannaus, Attorney General, William B. Randall, County Attorney, and Steven C. DeCoster, Assistant County Attorney, for respondent.

Heard before Murphy, Peterson, Kelly, and Nelson, JJ.

PER CURIAM.

Defendant was convicted of participation in the crime of attempted aggravated robbery of a filling station in which one of his companions senselessly shot the attendant. He has now been released from the State Prison on parole but appeals from the judgment of conviction asserting (1) that the evidence did not support a finding that he knew that his companion intended to attempt armed robbery; (2) that it was error to admit into evidence a .45-caliber bullet seized from his person, the robbery having been committed with a .22-caliber pistol; and (3) that his in-custody statements to the police following his arrest should, on several grounds, have been suppressed.

No purpose would be served by a recitation of the extensive evidence supporting defendant's conviction. Although the introduction of evidence of the .45-caliber bullet seized from defendant's person was of doubtful relevance,[1] any error in its admission, viewed in the light of all other evidence offered against defendant, was, beyond a reasonable doubt, harmless.

The in-custody statements of defendant were properly admitted in evidence. It is undisputed that he was, at the outset, properly informed of his Miranda rights. At the Rasmussen hearing, the state inadvertently failed to show that defendant had affirmatively waived his stated rights, but defendant did not base his objection on that ground. The fact of his express waiver was, in any event, clearly established at trial. His claim, which we think is unsupported by the rule of Miranda, was that the police, as part of the Miranda warning, must additionally inform a suspect that at any time during the interrogation he may, if he wishes, stop answering questions.

Defendant was arrested at about 12:30 or 1 a. m. on a Sunday. The

---

[1] See, State v. Grunau, 273 Minn. 315, 141 N. W. 2d 815 (1966). But cf. State v. Morris, 290 Minn. 523, 187 N. W. 2d 276 (1971); State v. Olek, 288 Minn. 235, 179 N. W. 2d 320 (1970); and State v. Jackson, 275 Minn. 462, 147 N. W. 2d 689 (1967).

complaint against him was issued on the following Tuesday, and he was brought before the magistrate on the next day, Wednesday. Defendant contends that the 2½-day delay in bringing him before a magistrate requires, without more, that an in-custody statement taken during this extended period be suppressed. The delay was not so manifestly unreasonable as to offend defendant's substantial rights. See, State v. Madison, 281 Minn. 170, 160 N. W. 2d 680 (1968), certiorari denied, 393 U. S. 1102, 89 S. Ct. 904, 21 L. ed. 2d 796 (1969).[2]

Affirmed.

---

[2] See, also, State v. Ulferts, 288 Minn. 551, 181 N. W. 2d 104 (1970); Simberg v. State, 288 Minn. 175, 179 N. W. 2d 141 (1970); State v. Nelson, 285 Minn. 304, 173 N. W. 2d 349 (1969); and State v. Steeves, 279 Minn. 298, 157 N. W. 2d 67 (1968).