STATE v. CHARLES FRANCIS BRADLEY.

196 N. W. 2d 604.

April 14, 1972—No. 42880.

*C. Paul Jones,* State Public Defender, and *Mollie Raskind,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *William B. Randall,* County Attorney, and *Steven C. DeCoster,* Assistant County Attorney, for respondent.

Heard before Murphy, Peterson, Kelly, and Nelson, JJ.

Per Curiam.

Appeal from a judgment of conviction pursuant to entry of a plea of guilty on an indictment charging defendant with attempted aggravated robbery. Minn. St. 609.245 and 609.17. Defendant contends that he was innocent of the crime charged and that he entered a plea of guilty out of fear that he would be found guilty after a jury trial.

Defendant, age 22, on the late evening of January 10, 1970, with two companions, entered a service station in St. Paul. One of his compan-

---

ions ordered the attendant to open the cash register and, when he failed to hand over the money, shot him three times.[1] Defendant was arrested, and an indictment was promptly returned. Originally, defendant entered a plea of not guilty to charges of attempted aggravated robbery and aggravated assault. Pursuant to an arrangement with the prosecution, the aggravated assault charge was dismissed, and defendant entered a plea of guilty to attempted aggravated robbery. The terms of the agreement were scrupulously observed by both the prosecution and the court.

There is no merit to defendant's claim that the preliminary examination of defendant by counsel and the court failed to establish a factual basis for the crime of attempted aggravated robbery. On examination, he testified that he went into the gas station in order to rob the attendant; that his companion pulled a gun, ordered the attendant to open the cash register, and attempted to take money from it. He testified that he was pleading guilty because he was actually guilty of the offense and, further, that he had an adequate opportunity to consider his decision. He had no complaints about the legal representation he received. Assuming, as defendant contends, that he pleaded guilty because he feared a jury would find him guilty even though he was innocent, that does not preclude the court from accepting the plea of guilty. See, North Carolina v. Alford, 400 U. S. 25, 91 S. Ct. 160, 27 L. ed. 2d 162 (1970).

Affirmed.

---

[1] See, State v. Jones, 283 Minn. 443, 196 N. W. 2d 606 (1972), which involves an appeal from a conviction by one of defendant's companions who was also involved in the robbery.