[No. 2231–3.    Division Three.    May 15, 1978.]

THE STATE OF WASHINGTON, *Respondent*, v. RAY
MANNING BATTEN, JR., *Appellant*.

*Raymond M. Batten, Jr.*, pro se.

*Donald C. Brockett, Prosecuting Attorney*, and *Roger C. Clement, Jr., Deputy*, for respondent.

MUNSON, C.J.—Ray Manning Batten, Jr., appeals a conviction for second–degree criminal trespass.[1] He makes several assignments of error. We reverse, holding the trial court erred in precluding Mr. Batten from presenting his defense based on a claim of right.

---

[1] RCW 9A.52.080.

"(1) A person is guilty of criminal trespass in the second degree if he knowingly enters or remains unlawfully in or upon premises of another.

"(2) Criminal trespass in the second degree is a misdemeanor."

This action arose out of a dispute between Mr. Batten and Dr. MacDuff as to property rights. It was commenced in district court upon Dr. MacDuff's complaint. Mr. Batten was convicted; he appealed to the Superior Court where a jury found him guilty; Mr. Batten was given a 90–day suspended sentence and fined $250.

Dr. MacDuff owns undeveloped property adjoining Mr. Batten's. In June 1976 Dr. MacDuff and Mr. Batten met to discuss a dispute regarding the northwest corner of Dr. MacDuff's property, which Mr. Batten was claiming by way of adverse possession. At that time, Dr. MacDuff asked Mr. Batten to have a survey done. The survey was performed, and stakes were placed. Subsequently, Dr. MacDuff told Mr. Batten the stakes had been wrongly placed. At this second meeting, Mr. Batten indicated in addition to his adverse possession claim to the northwest corner, he wanted an easement coextensive with the city sewer easement along the western boundary of Dr. MacDuff's property. Mr. Batten said he wanted the easement for his children to walk to school, and also to drive his truck over. Mr. Batten further indicated he had used the property this way in the past. Dr. MacDuff refused to allow Mr. Batten to use the property in this manner, and also requested him to remove certain sand and gravel piles. Mr. Batten threatened possible civil litigation.

On August 25, 1976, Dr. MacDuff noticed a 5–foot swath had been cut along the length of the entire sewer easement. He also saw Mr. Batten's truck parked on his property. Dr. MacDuff notified Mr. Batten's wife by telephone that he wanted Mr. Batten to stay off the property. Dr. MacDuff also posted no–trespassing signs, and made a complaint against Mr. Batten to the detective bureau alleging criminal trespass.

On the morning of August 28, 1976, the date of the alleged trespass, Mr. Batten was observed by Dr. MacDuff and another witness uprooting a no–trespassing sign. Mr. Batten told Dr. MacDuff he was claiming an easement and

Dr. MacDuff ordered him off the property. Later that same day, Mr. Batten was observed widening the 5–foot swath to a 15–foot swath, and removing an elderberry bush located on the sewer easement. Dr. MacDuff called the police; a confrontation occurred between Mr. Batten and Dr. Mac-Duff; the police arrived and ultimately ordered Mr. Batten off the property. On September 1, 1976, Mr. Batten filed a civil action contending he had an easement coextensive with the city sewer easement.

Mr. Batten was charged with violating RCW 9A.52.080 in that he did knowingly enter or remain unlawfully in or upon the premises of another. Mr. Batten admitted being on the land, but claimed he had a right to be there because of an unadjudicated prescriptive easement. The trial court denied him the opportunity to present this defense holding that, under RCW 9A.52.080, the gravamen of the offense was the failure to leave after being ordered off the property.

RCW 9A.52.010(3) defines "enters or remains unlawfully" as: "A person 'enters or remains unlawfully' in or upon premises when he is not then licensed, invited, or otherwise privileged to so enter or remain." Mr. Batten does not contend that he was either licensed or invited onto the property. He does contend he was "otherwise privileged to enter or remain" by having an unadjudicated prescriptive easement.

While it has been held improper to use a criminal trespass action to try disputed rights in real property, *State v. Larason*, 75 Ohio L. Abst. 211, 143 N.E.2d 502 (C.P. 1956); *Barber v. State*, 199 Ind. 146, 155 N.E. 819 (1927); *Steele v. State*, 191 Ind. 350, 132 N.E. 739, 18 A.L.R. 500 (1921), title is not an issue here.

We believe the legislative intent of RCW 9A.52.010(3) as expressed by the language "otherwise privileged to enter or remain" is best explained in a statement in *People v. Johnson*, 16 Mich. App. 745, 750, 168 N.W.2d 913, 915 (1969), citing *State v. Larason, supra:*

"'In accordance with the general rule that the existence of a criminal intent is an essential element of a statutory

offense, it is the rule in many jurisdictions that criminal intent is an essential element of the statutory offense of trespass, even though the statute is silent as to intent; and if the act prohibited is committed in good faith under claim of right or color of title, although accused be mistaken as to his right, unless it is committed with force or violence of a breach of the peace, no conviction will lie, the view taken being that it will not be presumed that the legislature intended to punish criminally acts committed in ignorance, by accident or under claim of right, and in the bona fide belief that the land is the property of the trespasser, unless the terms of the statute forbid any other construction.' This Court quotes this statement from 87 CJS Trespass, § 147, page 1103, with approval."

Continuing in *People v. Johnson, supra* at 750–51, the court stated:

The requirement of an intent to remain upon the lands of another without lawful authority causes the criminal trespass statute involved in the instant case to be inapplicable in determination of questions of title to or right to possession of real property where the act prohibited was committed in good faith under a claim of right or color of title. The criminal trespass statute therefore is not a complete substitute for ejectment, summary proceedings and forceable entry and detainer.

(Footnotes omitted.)

In *Johnson*, the court had instructed on the defense of good faith claim to a right to remain upon the property, which the jury rejected; the court affirmed the defendant's convictions.

■ We hold that a defendant may assert a claim of right as a defense to a criminal trespass charge, *State v. Larason, supra; People v. Johnson, supra;* however, he must not only believe he had a right to enter and remain, but have reasonable grounds for such belief. *State v. Baker,* 231 N.C. 136, 56 S.E.2d 424 (1949); *State v. Faggart,* 170 N.C. 737, 87 S.E. 31 (1915). Furthermore, a questionable claim of right does not afford complete protection to one who unlawfully and maliciously injures property of another. *See Barber v. State, supra; People v. Horelick,* 30 N.Y.2d 453,

285 N.E.2d 864, 334 N.Y.S.2d 623 (1972); *People v. Johnson, supra.*

We do not condone the methods Mr. Batten used to assert his rights to the sewer easement. The proper method of asserting those rights was the filing of a civil lawsuit. However, it cannot be presumed the legislature intended to criminally punish acts committed by one who reasonably believes he has a claim of right. *Cf.* RCW 9A.52.010(3).

In the present case, the defendant's argument and proposed instructions do not properly define the effect of such a claim, or indicate it must be reasonably believed. Nevertheless, the court did not allow defendant to fully develop his theory, and the refusal to allow evidence of a claim of right or privilege upon which proper instruction could be based amounted to reversible error.

Reversed and remanded for a new trial.

GREEN and McINTURFF, JJ., concur.

Reconsideration denied June 8, 1978.

Review denied by Supreme Court November 3, 1978.