STATE of Minnesota, Respondent,

v.

John BRECHON and Scott Carpenter, et al., petitioners, Appellants.

No. C2–83–1696.

Supreme Court of Minnesota.

Aug. 3, 1984.

Mark S. Wernick, Linda Gallant, Minneapolis, Kenneth E. Tilsen, St. Paul, for appellants.

Robert J. Alfton, Minneapolis City Atty., Michael T. Norton, Asst. Minneapolis City Atty., Minneapolis, for respondent.

Elliot C. Rothenberg, Minneapolis, for North Star Legal Foundation.

TODD, Justice.

Appellants were arrested at Honeywell corporate headquarters in Minneapolis and charged with trespassing. Prior to trial the state moved to prevent defendants from presenting evidence pertaining to necessity or justification defenses unless certain conditions were met. The state also sought to preclude defendants from asserting a "claim of right" defense. The trial court ruled that the state had the burden of disproving "claim of right" and that defendants could offer evidence about their reasons for committing the act, whether because of moral, political or religious beliefs, but could not testify more specifically such "as to the destruction [nuclear war] can present." The trial court did not rule on the necessity defense.

The state appealed and the defendants sought review of the order limiting their testimony to general beliefs. A three-judge panel in a 2–1 vote reversed the trial court and held that "without claim of right" is an affirmative defense, that defendant's testimony as to beliefs is irrelevant, that a necessity defense may not be raised at trial, and that a pretrial offer of proof must be made as to the claim of right or justification defense. We reverse.

This matter is before this court in a very difficult procedural posture. There has been no trial, so there are no facts before us. Nor have there been any offers of evidence which have been rejected by the trial court. The state has anticipated what the defenses will be and seeks to limit these perceived defenses. As a general rule in the field of criminal law, defendants

are not required to determine in advance what evidence they will use in their cases.[1] The state is required to bear its burden of proof before the defendants determine whether or not they will offer any evidence and, if so, what evidence they will offer. The use of a motion in limine against a defendant in a criminal case, particularly one as broad in scope as in this case, is questionable considering the constitutional rights of defendants. *See State v. Quick,* 226 Kan. 308, 311–12, 597 P.2d 1108, 1112 (1979); *Commonwealth v. Hood,* 389 Mass. 581, 596, 452 N.E.2d 188, 197 (1983) (Liacos, J., concurring).

We find it necessary first to clarify the procedural effect of the "claim of right" language in the trespass statute under which these defendants were arrested. The parties frame the issue as whether the state has the burden to prove the defendants did not have a claim of right to be on Honeywell property or whether defendants have the initial burden of going forward to present a prima facie case of claim of right. Second, the court must determine whether the trial court or the jury should decide if defendants have a valid claim of right. Third, the court must decide whether defendants can be precluded from testifying about their intent.

1. The trespass statute, Minn.Stat. § 609.605(5) (1982), provides in pertinent part:

> Whoever intentionally does any of the following is guilty of a misdemeanor:
>
> \* \* \* \* † \*
>
> (5) Trespasses upon the premises of another and, *without claim of right,* refuses to depart therefrom on demand of the lawful possessor thereof
> \* \* \*.

(Emphasis added.)

We have discussed the "claim of right" language of the trespass statute in prior cases. In *State v. Hoyt,* 304 N.W.2d 884 (Minn.1981), defendant Hoyt sought to visit a brain-damaged patient at a nursing home. As a result of complaints about the patient's care made by Hoyt to nursing home personnel and outside agencies, she was forbidden by the nursing home administration to visit the patient. When Hoyt thereafter entered the nursing home and refused to leave, she was arrested for trespass.

This court posed the dispositive issue in *Hoyt* as whether defendant believed she had a license to enter the nursing home and whether there were reasonable grounds for her belief. 304 N.W.2d at 891. The court held that Hoyt did not know that the patient's guardians had acquiesced in the nursing home's letter refusing Hoyt permission to visit the patient. Thus, Hoyt had presented a prima facie case of claim of right; that is, a reasonable belief that she had license or permission to visit. *Id.* at 891–92.

In *Hoyt,* this court expressly did not decide whether claim of right is an element of or a defense to the offense. *Id.* at 886 n. 2. Defendant had waived a jury trial and did not contest on appeal to this court the trial court's requirement that she make an offer of proof to present a prima facie case of claim of right.

*State v. Quinnell,* 277 Minn. 63, 151 N.W.2d 598 (1967), involved the issue whether defendant's misdemeanor arrest was valid. Quinnell's arrest arose from his participation in a demonstration of livestock farmers at the St. Paul Union Stockyards Company. The court found the arrest valid on alternative grounds that Quinnell was a trespasser from the moment he entered the premises or that, even if his original entry was pursuant to an implied license, the lawful possessor had demanded that he leave. Although defendant had not raised the issue, the court found no evidence that defendant had a claim of right. *Id.* at 70, 151 N.W.2d at 604.

As a review of these cases reveals, the court has never had occasion to rule on the burden of proof issues surrounding "claim

---

1. Defendants must assert defenses, other than that of not guilty, and make disclosures to the prosecution as required by the discovery rules. Minn.R.Crim.P. 9.02. However, evidentiary matters await completion of the state's case.

of right." We perceive several possible ways of handling the claim of right issue in a criminal trespass case: (1) as an element of the state's case requiring an acquittal if the state has not proven that the defendant did not have a right to be on the premises; (2) as an ordinary defense, requiring the defendant to present evidence, with the burden of persuasion on the prosecution to disprove the defense beyond a reasonable doubt; or (3) as an affirmative defense, requiring the defendant to go forward with evidence raising the defense and shoulder the persuasion burden of establishing such defense by a preponderance of the evidence. *See generally,* 1 *Wharton's Criminal Law* § 39 (C. Torcia 14th ed. 1978).

The state argues, relying primarily on *State v. Paige,* 256 N.W.2d 298 (Minn. 1977), that "claim of right" is merely an exception to the statute that recognizes that certain conduct is not prohibited. We held in *Paige* that the phrase "without a permit" in a statute created an exception to the prohibition against possession of pistols in certain places. Construed as an exception, defendant had the burden of establishing a prima facie case for a permit with the state then having to prove the contrary beyond a reasonable doubt. 256 N.W.2d at 303–04.

 The test for determining what constitutes a basic element of rather than an exception to a statute has been stated as "whether the exception is so incorporated with the clause defining the offense that it becomes in fact a part of the description." *Williams v. United States,* 138 F.2d 81, 81–82 (D.C.Cir.1943). In order to place the burden of proving the "exception" on the defendant, a court must decide that the act in itself, without the exception, is "ordinarily dangerous to society or involves moral turpitude" and that requiring the state to prove the acts would place an impossible burden on the prosecution. *Id.* at 82. Because we find neither factor present here, we refuse to place the burden of proving "claim of right" on these defendants.

 Claim of right is a concept historically central to defining the crime of tres-

pass. In *State v. Quinnell,* we noted that the legislature inserted the language to protect an innocent trespasser from criminal prosecution. 277 Minn. at 70–71, 151 N.W.2d at 604. If the defendant has a claim of right, he lacks the criminal intent which is the gravamen of the offense. There is no punishable act of trespass if the state cannot show defendant was on the premises without a claim of right. See *Hayes v. State,* 13 Ga.App. 647, 79 S.E. 761 (1913), where the court stated:

> An act which, as related to the true owner of land, might appear to be trespass is not in fact a trespass if the act is committed in good faith by one who actually and sincerely believes that he is authorized (either because authorized by the true owner or because he believes himself to be the true owner) to do the act in question. *In fact the burden rests upon the State of proving the absence of good faith on the part of one accused of trespass, because the act must generally be shown to be willfully done;* and under the particular paragraph upon which the charge against the defendant in the present case was based, *it was essential for the State to show that the presence of the accused upon the premises in question was "with no bona fide claim or color of title, and without the consent of the owner."*

*Id.* at 649, 79 S.E. at 762–63 (emphasis added). We approved this language in *State v. Hoyt,* 304 N.W.2d at 891.

Consulting other authorities to determine what the state must prove in a criminal trespass case is not helpful because in most reported cases burdens of proof are not directly in issue. Among those jurisdictions that define claim of right as defendant's reasonable belief in a right to enter the property, it is usually assumed that claim of right is a defense. *See United States ex rel. Horelick v. Criminal Court of the City of New York,* 507 F.2d 37 (2d Cir.1974); *Gaetano v. United States,* 406 A.2d 1291 (D.C.1979); *Hayes v. State,* 13 Ga.App. 647, 79 S.E. 761 (1913); *People v. Tuchinsky,* 100 Misc.2d 521, 419 N.Y.S.2d

843 (N.Y.Dist.Ct.1979); *State v. Cobb,* 262 N.C. 262, 136 S.E.2d 674 (1964); *State v. Batten,* 20 Wash.App. 77, 578 P.2d 896 (1978).

■ In accordance with our belief, however, that "without claim of right" is integral to the definition of criminal trespass in Minnesota, and adhering to the rule that criminal statutes are to be strictly construed, we hold that "without claim of right" is an element the state must prove beyond a reasonable doubt. Thus, in a criminal trespass case the state must present evidence from which it is reasonable to infer that the defendant has no legal claim of right to be on the premises where the trespass is alleged to have occurred. This evidence normally would be in the realm of property law, such as that the title or right of possession is in a third party and that no title or permission has been given to defendant, or if given has been withdrawn. This evidence should be of such a nature as to permit a reasonable inference that there could be no claim of right by defendant. If the state fails to offer evidence which by reasonable inference negates the defendant's claim of right, the issue of intent to trespass is never reached, since the criminal complaint must be dismissed.

■ If the state presents evidence that defendant has no claim of right, the burden then shifts to the defendant who may offer evidence of his reasonable belief that he has a property right, such as that of an owner, tenant, lessee, licensee or invitee. *See Gaetano v. United States,* 406 A.2d 1291, 1294 (D.C.1979). Subjective reasons not related to a claimed property right or permission are irrelevant and immaterial to the issue of claim of right.

■ 2. Addressing the second issue raised, we hold that the jury, not the court, decides the sufficiency of the evidence presented to establish a claim of right. The court may not require a pretrial offer of proof in order to decide as a matter of law that defendants have no claim of right. This is so because claim of right evidence is evidence tending to disprove an essential element of the state's case: that the actor trespassed without claim of right.[2]

■ Courts have held that the presence of the accused at the scene of the crime is an essential element of an offense. Therefore, defendant need not prove his alibi beyond a reasonable doubt or even by a preponderance of the evidence. *See State v. Currie,* 267 Minn. 294, 126 N.W.2d 389 (1964). Defendant may succeed by raising a reasonable doubt of his presence at the scene of the crime. *Id.* at 306–07, 126 N.W.2d at 398. The question of sufficiency to raise a reasonable doubt is for the jury to determine from all of the evidence. *See generally* 1 *Wharton's Criminal Law* § 43, at 214.

■ In a criminal trespass case, similarly, the state may not shift to the accused the burden of proving claim of right because to do so would contravene the principle that the state must prove every element of the offense beyond a reasonable doubt. *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970). *See also Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979); *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975).

■ 3. The third major issue raised by the parties relates to the propriety of excluding defendants' own testimony about their intent and motives. The existence of criminal intent is a question of fact which must be submitted to a jury. *Morissette v. United States,* 342 U.S. 246, 274, 72 S.Ct.

---

**2.** In *State v. Hunt,* 630 S.W.2d 211 (Mo.Ct.App. 1982), the court held on motion for rehearing that proof of license or privilege is not an affirmative defense but evidence disproving an unlawful entry. *Id.* at 215. The trespass statute at issue was a strict liability statute. The court cited *State v. Hubbard,* 351 Mo. 143, 171 S.W.2d

701 (1943), which held that alibi is not a defense with the burden on defendant to prove. Rather, alibi evidence should be treated as evidence tending to disprove an essential element of the state's case. *Id.* at 150–53, 171 S.W.2d at 706–07.

240, 255, 96 L.Ed. 288 (1952). We deem it fundamental that criminal defendants have a due process right to explain their conduct to a jury. *See United States v. Bowen,* 421 F.2d 193, 197 (4th Cir.1970). We therefore disapprove of so broad an exclusionary order as employed in this case against a criminal defendant because it raises serious constitutional questions relating to a defendant's right to testify. *See In re Oliver,* 333 U.S. 257, 273, 68 S.Ct. 499, 507, 92 L.Ed. 682 (1948).

 This conclusion does not mean the municipal court erred in imposing limits on the testimony of each defendant. The court may rule that no expert testimony or objective proof may be admitted. The court should exclude irrelevant testimony and make other rulings on admissibility as the trial proceeds. The court should also instruct the jury to disregard defendants' subjective motives in determining the issue of intent.

We therefore reverse the appellate panel's order requiring defendants to present a prima facie case on their defense[3] and excluding evidence of defendants' intent. The rulings of the municipal court judge are reinstated and the matter remanded for further proceedings.[4]

Reversed and remanded.

WAHL, Justice (concurring specially).

I agree that the order of the appellate panel requiring defendants to present a *prima facie* case in their defense and ex-

cluding evidence of defendants' intent must be reversed. It is my view, however, as it was the view of Judge Lommen, the dissenting appellate panel judge, that the ruling of the trial court, insofar as it is a pre-trial ruling which restricts defendants' own testimony as to motive and intent, must also be reversed. Defendants' right to be heard in their own defense is basic in our system of jurisprudence. *In re Oliver,* 333 U.S. 257, 273, 68 S.Ct. 499, 507, 92 L.Ed. 682 (1948). Courts must scrutinize with the greatest care any restrictions on a defendant's testimony offered in that defendant's own behalf as to his or her intent and the motivation underlying that intent, lest we jeopardize the federal and state constitutional right to a fair trial.

Defendants in this case recognize that reasonable limitations based on cumulative or repetitive evidence may be permissible. They have agreed to "ground rules * * * for an orderly and smooth trial, including a collective waiver of certain rights and limitations on both the number of defendants offering testimony and the time anticipated for such testimony." Such testimony of an individual defendant's own state of mind, of her or his motive, belief or intention in doing the act charged as criminal, is relevant, admissible evidence. *United States v. Cullen,* 454 F.2d 386 (7th Cir.1971); *Berkey v. Judd,* 22 Minn. 287, 297 (1875). To limit that testimony before it is heard and its relevancy determined is not only constitutionally prohibited but is also contrary to

---

**3.** The district court appellate panel ruled that defendants must establish the four elements of a necessity defense outlined in *United States v. Seward,* 687 F.2d 1270 (10th Cir.1982), *cert. denied,* 459 U.S. 1147, 103 S.Ct. 789, 74 L.Ed.2d 995 (1983), in an offer of proof. Defendants have denied any intention to raise a necessity defense. They need not, therefore, meet the *Seward* requirements to present claim of right evidence. Claim of right evidence, as part of the state's case, is distinguishable from the necessity defense involved in such cases as *Seward* (defendants failed in offer of proof to meet requirements for necessity defense); *United States v. Simpson,* 460 F.2d 515 (9th Cir.1972) (defendants sought to introduce evidence regarding a justification defense); *United States v. Kroncke,* 459 F.2d 697 (8th Cir.1972) (defend-

ants contended court erred in refusing to submit defense of justification to the jury); *Cleveland v. Municipality of Anchorage,* 631 P.2d 1073 (Alaska 1981) (anti-abortion protesters claimed their actions were necessary to avert imminent peril to life); *State v. Marley,* 54 Hawaii 450, 509 P.2d 1095 (1973) (Honeywell protesters contended they should be exonerated because the necessity defense applied to their actions); *Commonwealth v. Hood,* 389 Mass. 581, 452 N.E.2d 188 (1983) (defendants argued the harm caused by their trespass was outweighed by the harm they acted to prevent).

**4.** We express no opinion on the jury instructions to be given in this case since the issue is not properly before the court for review.

our own rules of evidence and case law. Minnesota Rules of Evidence, Rules 401, 402; *Henslin v. Wingen,* 203 Minn. 166, 170, 280 N.W. 281, 282 (1938); *Berkey v. Judd.* It makes no difference that good motive is not a defense, that favorable instructions may not be given or that an explanation may be unavailing, these defendants must be given the opportunity to testify fully and freely on the issue of criminal intent and the motive underlying that intent. *United States v. Hawk,* 497 F.2d 365 (9th Cir.1974) (defendant permitted to testify without restriction to his motive and intent in failing to file income tax returns); *United States v. Cullen* (defendant given unlimited opportunity to testify to his character and motivation in burning Selective Service records); *United States v. Owens,* 415 F.2d 1308 (6th Cir.1969) (defendant allowed to testify at great length to his reasons for refusing induction); *State v. Marley,* 54 Hawaii 450, 509 P.2d 1095, 1099 (1973) (defendants permitted to give testimony "as to their motivations in their actions on the day of their alleged trespass as well as to their beliefs about the nature of the activity carried on by Honeywell Corporation and the nature of their beliefs about their rights and duties with respect to that corporation."). The strength of our democratic society lies in our adherence to constitutional guarantees of the rights of the people, including the right to a fair trial and the right to give testimony in one's own behalf.

YETKA, Justice (concurring specially).

I join in the special concurrence of Justice Wahl.