STATE of Minnesota, Appellant,

v.

Velleda Christina SCHERVEE, et al., Kathleen Mary Weiss, Pamela Jo Costain, Mary Margarett Spiering, Nancy Gossard, Carol Lynn Masters, Deborah Lucynda Roach, Patricia Elsbeth Graf, Susan West Oppenheim, Respondents.

No. C7–84–487.

Court of Appeals of Minnesota.

Oct. 30, 1984.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Edward Starr, St. Paul City Atty., Reyne M. Rofuth, Asst. City Atty., for appellant.

Susan West Oppenheim, pro se.

Patricia Elsbeth Graf, pro se.

William E. Falvey, Chief Public Defender, Ellen Seesel, Asst. Public Defender, St. Paul, for Schervee, et al.

Kathleen Mary Weiss, pro se.

Pamela Jo Costain, pro se.

Mary Margaret Spiering, pro se.

Nancy Gossard, pro se.

Carol Lynn Masters, pro se.

Deborah Lucynda Roach, pro se.

Considered and decided by POPOVICH, C.J., and HUSPENI and FORSBERG, JJ., with oral argument waived.

## SUMMARY OPINION

POPOVICH, Chief Judge.

## FACTS

Respondents were arrested on Sperry-Univac property in St. Paul after setting up a "Women's Peace Encampment," and charged with trespassing under Minn.Stat. § 609.605(5). Prior to trial, the State moved to prohibit evidence pertaining to a defense of necessity or "claim of right" by virtue of personal, religious or political belief.

The trial court ruled it need not decide the question of necessity since respondents were not asserting this defense. The trial court denied the State's motions regarding "without claim of right" finding that "without claim of right" is an essential element of trespass, not an affirmative defense. The trial court held respondents could explain their presence and motives for trespassing.

On August 3, 1984 the Minnesota Supreme Court decided *State v. Brechon,* 352 N.W.2d 745 (Minn.1984), holding "without claim of right" in a criminal trespass case is an essential element of the State's case. The court also held the jury decides the sufficiency of the evidence presented to establish a claim of right; the trial court may not require a pretrial offer of proof on this issue. *Id.* at 750. Finally, the court held a defendant may not be precluded from testifying about his intent and motives for trespassing. *Id.* at 751.

## DECISION

Based on the *Brechon* decision, the State has failed to satisfy the *Webber* criteria on pretrial appeals by the State. *See State v. Webber,* 262 N.W.2d 157, 159 (Minn.1977). The State has not shown any clear error by the trial court which would have a critical impact on the outcome of the trial.

Affirmed.