**STATE of Minnesota, Appellant,**

v.

**Margaret Ann HIGGINS, et al.,
Respondents.**

**No. C8–85–1304.**

Court of Appeals of Minnesota.

Nov. 26, 1985.

Kevin W. Eide, Eagan, for appellant.

Laura D. Kadwell, Minneapolis, for respondents.

Heard, considered and decided by POPO-VICH, C.J., and LESLIE, and NIEREN-GARTEN, JJ.

## OPINION

POPOVICH, Chief Judge.

This is an appeal by the State of a district court order granting respondents' motion for consolidation and their request for a pretrial evidentiary ruling to receive (1) an 18 minute slide/audio presentation, (2) a corporate annual report, and (3) a social comment pamphlet. Appellant claims (1) the trial court abused its discretion in consolidating respondents' four criminal trespass cases because critical to each case is determination of individual intent, (2) the trial court improperly received respondents' exhibits because they constitute inadmissible hearsay, they are irrelevant and highly prejudicial, and inadequate foundation was supplied, and (3) the trial court committed clear error which will have a critical impact on the trial. We affirm regarding consolidation and remand regarding respondents' exhibits.

## FACTS

Respondents Margaret Ann Higgins, Mary Margaret Spiering, Carol Lynn Masters, and Nancy Hull Mosier were charged with criminal trespass under Minn.Stat. § 609.605 (1984) resulting from their presence on Sperry Corporation's private property in Eagan.

On July 8, 1985, respondents moved for, and the trial court granted, a consolidated trial. Respondents also sought a pretrial evidentiary ruling regarding three exhibits: (1) a slide presentation showing the effects of the Hiroshima bombing; (2) Sperry's 1985 annual report to its shareholders; and (3) a pamphlet entitled "The Final Epidemic for All Living Things" prepared by Physicians for Social Responsibility describing "A War That Can't Be Survived" and "How Nuclear War *Can* Happen." Respondents claim the exhibits motivated their conduct. The trial court admitted all three exhibits.

## ISSUES

1. Did the trial court abuse its discretion in granting consolidation?

2. Did the trial court improperly admit respondents' exhibits?

## ANALYSIS

1. Appellant claims consolidation of respondents' cases was improper because particularly at issue in each matter is the individual respondent's subjective intent and motivation, and respondents' cumulative presentation of personal intent in a consolidated trial would be highly prejudicial to appellant.

Defendants jointly charged may be tried jointly or separately, in the discretion of the court. In all cases, any one or more of said defendants may be convicted or acquitted.

Minn.R.Crim.P. 17.03, subd. 2(2).

Under Rule 17.03, subd. 2, the general rule is that defendants jointly charged with a felony shall be tried separately. However, the court in the interests of justice and not solely related to economy of time or expense may order joinder. It shall be considered an abuse of discretion for a trial judge to refuse to grant a joinder where the interests of justice so require.

*Id.* comment; *see State v. Strimling*, 265 N.W.2d 423, 431–32 (Minn.1978).

Although Rule 17.03 is unquestionably designed to help guarantee criminal defendants a fair trial, the "interests of justice" to which the rule makes reference also require that the state, representing the collective interest of the people, be afforded a fair chance to present its case.

*Strimling*, 265 N.W.2d at 432.

Here, respondents were each charged with criminal trespass and intend to argue claim of right to which motivation is an important element. Although what motivates an individual is personal and subjective, it is not clear a joint trial involving individual testimony would defy the inter-

749

ests of justice. The trial court did not abuse its discretion in deciding that appellant has a fair opportunity to prove respondents' guilt.

2. Appellant claims the trial court improperly received respondents' exhibits because receipt will have the critical impact at trial of highly prejudicing appellant's case.

The seminal case regarding admissibility of evidence in protester trespass cases is *State v. Brechon,* 352 N.W.2d 745 (Minn. 1984). There the trial court denied the state's motion to suppress defendants' evidence regarding justification defenses. The *Brechon* court held the state bears the initial burden of proving defendants acted without claim of right. If the state presents evidence, the burden shifts to defendants to show reasonable belief in a property right. "Subjective reasons not related to a claimed property right or permission are irrelevant and immaterial to the issue of claim of right." *Id.* at 750. Defendants do have a fundamental right to testify as to their conduct. *Id.* at 750–51.

> The court may rule that no expert testimony or objective proof may be admitted. The court should exclude irrelevant testimony and make other rulings on admissibility as the trial proceeds. The court should also instruct the jury to disregard defendants' subjective motives in determining the issue of intent.

*Id.* at 751.

The procedural posture affecting our review here is awkward because as a pretrial matter decided facts do not exist. Respondents claim an implied license as a claim of right. Without a factual record, however, we cannot determine whether respondents' exhibits are relevant to that claim or whether appellant will be highly prejudiced. We do not know whether respondents were asked to depart Sperry property or under what circumstances. We do not know whether all respondents were motivated by each exhibit. These are matters for trial court determination. We therefore remand.

The trial court is not bound by its initial ruling. If after hearing testimony the trial court determines respondents' exhibits are irrelevant or highly prejudicial, it may then exclude the evidence.

## DECISION

The trial court did not abuse its discretion in consolidating respondents' cases. Because as a pretrial matter decided facts do not exist to determine the propriety of the trial court's evidentiary ruling, we remand for trial and such trial court's rulings as may occur as the trial proceeds and facts are developed.

Affirmed in part and remanded.