**STATE of Minnesota, Respondent,**

v.

**Douglas Gerard BURG, Appellant.**

**No. C6–00–1822.**

Court of Appeals of Minnesota.

Sept. 18, 2001.

Mike Hatch, Attorney General, St. Paul, MN; and Michael K. Riley, Sr., Nicollet County Attorney, Todd W. Westphal, Assistant County Attorney, St. Peter, MN, for respondent.

John M. Stuart, State Public Defender, Jodie L. Carlson, Assistant Public Defender, Minneapolis, MN, for appellant.

Considered and decided by HARTEN, Presiding Judge, WILLIS, and PARKER, Judges.*

## OPINION

. WILLIS, Judge

Appellant challenges his conviction of non-support of a child, arguing that the district court erred by instructing the jury that he had the burden of proving a lawful excuse for the non-support of a child "by the greater weight of the evidence." Appellant also argues the court abused its discretion by excluding two psychologists' testimony regarding his mental capacity. Because the district court's jury instruction, although erroneous, was not prejudicial, and because the court did not abuse its discretion by excluding the psychologists' testimony, we affirm.

## FACTS

Appellant Douglas Burg (Burg) and Lisa Burg were married from November 1984 until August 1989. In the judgment dissolving the Burgs' marriage, the district court granted Lisa Burg custody of their four children. Although Burg was unemployed at the time, the dissolution court found that he had "the earning capacity of a 40-hour work week at $5.00 an hour." Based on this estimate of Burg's earning capacity, the court ordered him to pay guidelines child support of $187.80 per month. By 1999, with biannual cost-of-living adjustments, Burg's monthly child-support obligation had increased to $248.

From May 1995 through October 1999, Burg made no child-support payments. In October 1999, Burg was charged with felony non-support of a child, in violation of Minn.Stat. § 609.375, subd. 2a (1998), and constructive criminal contempt, in violation of Minn.Stat. § 588.20(4)(8) (1998). The state later dropped the criminal-contempt charge.

Burg did not contest that he had failed to pay child support but asserted that he had a lawful excuse for not doing so; namely, that because of his limited mental capacity, he was unable to maintain employment. After he was charged, Burg was examined by two psychologists. One administered the Wechsler Adult Intelligence Scale–III and prepared a "psychological report"; the other administered the Minnesota Multiphasic Personality Inventory–II and prepared a "psychological evaluation." Burg sought to introduce the psychologists' testimony regarding his mental capacity as it affected his ability to

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

maintain work. Following a hearing on the state's motion to exclude the psychologists' testimony, the district court granted the motion, concluding that, because the testimony could not correlate Burg's "present mental condition" with his "inability to hold a job" during the period for which he was charged with non-support, it lacked probative value. Burg then sought a continuance in order to be evaluated by a vocational-rehabilitation psychologist. The court also denied this request.

At the pretrial hearing, the court also considered whether a "lawful excuse" for a failure to pay child support, as the phrase is used in the definition of non-support of a child, was an affirmative defense or an ordinary defense. The court concluded it was an element of the offense "that needs to be proved by the State beyond a reasonable doubt" but that once the state had "produced evidence to raise a reasonable inference, [Burg] would have the burden of going forward with evidence to rebut the reasonable inference."

At trial, Burg again sought to introduce the psychologists' testimony, making an offer of proof consisting of the psychological report and psychological evaluation. The court reaffirmed its decision to exclude their testimony.

Burg's brother testified that Burg was seriously injured at the age of three when a two-ton truck accidentally ran over his head; and after the accident, he was "a little slow mentally." Lisa Burg testified that during their marriage, Burg worked at the Le Sueur Foundry and for a lawn-care service in St. Peter. James Neidecker, who owned a construction company in St. Peter that built pole barns, testified that he employed Burg on a full-time basis from mid-December 1996 through mid-February 1997 and paid him $8 per hour. He also testified that Burg was a good employee who did not have any difficulties in performing his job duties, that Burg quit his job, and that Neidecker would have been willing to rehire him.

Burg acknowledged that he worked for Neidecker but had quit because there was "really no security on that job" and he felt the need to "move on." He also testified that from 1995 to 1999 he earned some money repairing cars and selling them but that none of that money was used for child support. He further testified that his mother was employed as a house cleaner and that he would sometimes help out with this work, for which he was paid.

At the close of evidence, the court instructed the jury as follows:

> [F]irst, Defendant was legally obligated to provide support to a child. Second, Defendant knowingly omitted and failed to provide support to the child. Third, Defendant had no lawful excuse. Mental incapacity is a lawful excuse. A Defendant is mentally incapacitated and is lawfully excused from paying child support if due to a deficiency in the Defendant's mental state the Defendant is unable to be employed. The Defendant has the burden of proving this mental incapacity by the greater weight of the evidence. The greater weight of the evidence means that the evidence must lead you to believe that it is more likely that the claim is true than not true. If the evidence does not lead you to believe that it is more likely that the claim is true than not true, then the claim has not been proven. Fourth, Defendant's omission and failure occurred in Nicollet County * * *.

The jury found Burg guilty of non-support of a child. The court stayed imposition of sentence and placed Burg on probation for two years on the condition that he serve 30 days in the county jail and pay a fine. The court also ordered Burg to par-

ticipate in vocational-rehabilitation services. Burg appeals the conviction.

## ISSUES

1. Did the district court err in instructing the jury that appellant had the burden of proving "by the greater weight of the evidence" that he had a lawful excuse for non-support of a child in violation of Minn. Stat. § 609.375 (2000)?

2. Did the district court err in excluding expert testimony regarding appellant's mental capacity?

## ANALYSIS

### I.

 Burg did not object to the district court's jury instructions at trial. Generally, failure to object to a jury instruction at trial constitutes waiver that results in a forfeiture of the right to raise the instruction as error on appeal. *State v. Griller*, 583 N.W.2d 736, 740 (Minn. 1998). Notwithstanding the failure to object, a reviewing court has the discretion to consider plain error affecting substantial rights if the error had the effect of denying the defendant a fair trial. *Id.; see also* Minn. R. Evid. 103(d). When there is error that is plain and the error affects substantial rights, an appellate court may correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *State v. Hage*, 595 N.W.2d 200, 204 (Minn.1999). Thus, we must first decide whether the district court erred by instructing the jury that Burg had the burden of proving "by the greater weight of the evidence" that he had a lawful excuse for his failure to provide child support.

 Due process protects an accused against conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which

he is charged." *Id.* (quotation and citations omitted). Once the prosecution has met its burden of proving beyond a reasonable doubt every element of the crime charged, the state may, consistent with due process, impose on a defendant the burden of proving by a preponderance of the evidence that his conduct should be excused by some mitigating circumstance or issue. *State v. Auchampach*, 540 N.W.2d 808, 816 (Minn.1995). A defendant cannot, however, be required to shoulder the burden of persuasion for a proffered defense when the mitigating circumstance or issue disproves or negates an element of the crime charged. *Id.* at 817.

A person is guilty of non-support of a spouse or child when that person

> is legally obligated to provide care and support to a spouse or child, whether or not its custody has been granted to another, and knowingly omits and fails without lawful excuse to do so * * *.

Minn.Stat. § 609.375, subd. 1 (2000). The statute requires the prosecution to prove that the defendant is "legally obligated" to provide child support. Requiring a defendant to prove a lawful excuse for failure to provide child support would violate due process by impermissibly shifting to the defendant the burden of disproving the existence of an element of the crime charged; namely, a legal obligation to provide child support. *See Auchampach*, 540 N.W.2d at 816 (explaining that criminal defendant cannot be required to disprove an element of the crime charged).

 If a mitigating circumstance or issue disproves or negates an element of the crime charged, the state may, consistent with due process, impose on the defendant the burden of production. *Id.* at 817. Thus, the defendant may be required to "make a prima facie showing that the proffered defense is an issue in the case."

*Hage,* 595 N.W.2d at 205 (citing *Aucham-pach,* 540 N.W.2d at 817) (other citation omitted). Requiring the defendant to make such a prima facie showing alleviates the difficulty the prosecution would otherwise face in disproving the existence of all possible defenses. *See State v. Paige,* 256 N.W.2d 298, 304 (Minn.1977). Once the defendant has made a prima facie showing, the burden shifts to the prosecution "to prove beyond a reasonable doubt the lack of the defense." *Hage,* 595 N.W.2d at 205 (citing *Auchampach,* 540 N.W.2d at 817) (other citation omitted); *see also State v. Brechon,* 352 N.W.2d 745, 749 (Minn.1984) (distinguishing "affirmative defense," for which defendant must raise the defense and bears the persuasion burden of establishing such defense by a preponderance of the evidence, from "ordinary defense," for which, once defendant makes prima facie showing that the defense is an issue in the case, burden of persuasion is on prosecution "to disprove the defense beyond a reasonable doubt").

■ We conclude that a defendant charged with non-support of a child may be required to present sufficient evidence of a lawful excuse for his failure to provide child support to make the defense one of the issues in the case, with the burden then shifting to the state to prove beyond a reasonable doubt the lack of a lawful excuse. The defendant's initial burden of coming forward with evidence of a lawful excuse "alleviates the state's difficulty in" disproving all possible lawful excuses, thereby making it reasonable to require the state to disprove the defense asserted. *See Paige,* 256 N.W.2d at 304 (noting that once defendant came forward with evidence of permit to possess pistol, it was reasonable to require state to prove invalidity of permit or violation of its terms because "the state's difficulty in 'proving a negative' is alleviated").

While a somewhat different burden-shifting scheme was adopted by the district court in its pretrial decision, at trial the court instructed the jury that Burg was required to prove a lawful excuse "by the greater weight of the evidence." This instruction was in error because it required Burg to disprove or negate an element of the crime charged.

■ Because the court's jury instruction was in error, we turn to the other factors of the plain-error analysis. An error that is not objected to at trial is plain error only if it seriously affects a defendant's substantial rights. *Hage,* 595 N.W.2d at 204. An error affects substantial rights if it is "prejudicial: it must have affected the outcome of the district court proceedings." *United States v. Olano,* 507 U.S. 725, 734, 113 S.Ct. 1770, 1778, 123 L.Ed.2d 508 (1993); *State v. Glidden,* 455 N.W.2d 744, 747 (Minn.1990) (describing plain-error test as "whether there was or was not a reasonable likelihood that any error substantially affected the verdict"). Here, there was uncontroverted evidence that Burg was employed during the period in question, that he was a good worker, and that his employer would have been willing to rehire him after he quit, contradicting Burg's claim that because of his mental incapacity he was unable to maintain employment. We cannot say that the district court's erroneous instruction played a substantial part in the jury's decision to convict.

## II.

Burg also contends that the district court's decision to exclude two psychologists' testimony regarding his mental capacity denied him his due-process right to present a complete defense. The district court concluded that because the psychologists could not correlate Burg's "present mental condition" with his "inability to

hold a job" during the period when he failed to provide child support, their expert-opinion testimony lacked probative value.[1]

■ The admission of an expert's opinion testimony rests in the sound discretion of the district court and will not be reversed absent clear error. *State v. Koskela,* 536 N.W.2d 625, 629 (Minn.1995). Even where a defendant alleges a constitutional violation, appellate courts review evidentiary questions for abuse of discretion. *State v. Profit,* 591 N.W.2d 451, 463 (Minn. 1999), *cert. denied,* 528 U.S. 862, 120 S.Ct. 153, 145 L.Ed.2d 130 (1999).

■ A criminal defendant has the right to be treated with fundamental fairness and be "afforded a meaningful opportunity to present a complete defense." *State v. Richards,* 495 N.W.2d 187, 191 (Minn.1992) (quotation omitted). But the defendant must "comply with the established rules of evidence designed to assure both fairness and reliability in ascertaining guilt or innocence." *State v. Wolf,* 605 N.W.2d 381, 384 (Minn.2000). The ultimate question of admissibility is whether the expert testimony will assist the jury in resolving the factual questions presented. Minn. R. Evid. 702. But if the subject of testimony

> is within the knowledge and experience of a lay jury and the testimony of the expert will not add precision or depth to the jury's ability to reach conclusions about that subject which is within their experience, then the testimony does not meet the helpfulness test.

*State v. Ritt,* 599 N.W.2d 802, 811 (Minn. 1999) (citation omitted). It is the district court's responsibility to "scrutinize the proffered expert testimony as it would oth-er evidence and exclude it where irrelevant, confusing, or otherwise unhelpful." *Wolf,* 605 N.W.2d at 384 (quotation omitted).

■ In *State v. Griese,* the supreme court noted that because most jurors have some experience with mental illness and intoxication, expert testimony as to their general effects is ordinarily inadmissible. *State v. Griese,* 565 N.W.2d 419, 425 (Minn.1997). Further, the court explained that while such testimony "may be admissible where the defendant has a past history of mental illness," it is admitted only to explain the " 'whole man' as he was before the events of the crime and before the miasma of after-the-crime rationalizations." *Id.* at 426 (quotation omitted) (excluding psychologist's expert-opinion testimony about defendant's alleged history of mental illness when psychologist diagnosed defendant after the crime and there was no diagnosis or other clinical record before the crime). Here, the psychologists' testimony about Burg's diminished mental capacity is analogous: Burg has not explained how the psychologists' understanding of how his mental capacity affected his ability to maintain employment would differ from the jurors' understanding of its effects. Further, he offered no diagnosis or any other clinical records that predated the charges against him, and the psychologists did not diagnose him until after he was charged. The district court did not, therefore, abuse its discretion in excluding their testimony. *See State v. Brom,* 463 N.W.2d 758, 763 n. 9 (Minn.1990) (explaining that "the behavioral manifestations of mental impairment," as opposed to experience with the "technical jargon of psychiatry," is "capable of lay understanding").

---

1. The court also noted that if Burg proffered expert-opinion testimony from a psychologist or psychiatrist who had treated him during the period regarding which he was charged, such evidence might be admissible.

## DECISION

A defendant charged with non-support of a child may be required to shoulder the burden of producing evidence of a lawful excuse for failure to provide support; the burden then shifts to the state to prove beyond a reasonable doubt the lack of a lawful excuse. Here, the district court erred by instructing the jury that Burg must prove "by the greater weight of the evidence" an inability to maintain employment due to his limited mental capacity. But, because there was evidence that Burg's mental capacity did not prevent him from maintaining employment, we conclude that this unobjected-to error was not prejudicial. Further, the district court did not abuse its discretion by excluding psychologists' expert-opinion testimony regarding Burg's mental capacity because he did not show that such testimony would have been helpful to the jury.

**Affirmed.**