*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A15-0749**

State of Minnesota,
Respondent,

vs.

James Dewayne Kelley,
Appellant.

**Filed April 11, 2016**
**Affirmed**
**Cleary, Chief Judge**

Stevens County District Court
File No. 75-CR-14-221

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Aaron Jordan, Stevens County Attorney, Morris, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Erik I. Withall, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Bjorkman, Presiding Judge; Cleary, Chief Judge; and Smith, John, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**CLEARY**, Chief Judge

On appeal from his conviction of misdemeanor trespassing and disorderly conduct, appellant James Dewayne Kelley argues that the evidence was insufficient to prove that he was without claim of right to enter the property at issue in this case. We affirm, because appellant failed to produce evidence of his reasonable, good-faith belief that he had a right to enter the property.

## FACTS

Respondent State of Minnesota charged appellant with trespass in violation of Minn. Stat. § 609.605, subd. 1(b)(8) (2012) and disorderly conduct in violation of Minn. Stat. § 609.72, subd. 1(3) (2012) due to appellant's conduct at an Otter Tail Power Company office in Morris, Minnesota. In October 2013, Otter Tail Power disconnected appellant's electricity as a result of past-due bills. Appellant went to Otter Tail Power's office and spoke with the company's staff about his account. He showed a staff member his electric bill from September 2013 and explained that he had received that bill, but had not received a notice before his electricity was disconnected. Appellant believed that the bill's due date, which had not yet passed, meant that Otter Tail Power had disconnected his power while appellant still had time to pay the outstanding balance. A staff member testified at trial that appellant became very upset and swore at staff using a loud voice. As a result of this interaction, Otter Tail Power sent appellant a no-trespass notice on October 23, 2013, instructing him not to enter any properties owned by the company. During trial, appellant

testified that he had received the letter and he knew that he was not to go to any Otter Tail Power properties.

After receiving the no-trespass notice, appellant arranged for a friend to deliver his electric bill payment in person each month. His friend was unavailable in March 2014, so appellant resumed delivering his monthly payment himself, in person. On June 18, 2014, appellant went to the Otter Tail Power office in Morris and spoke with a staff member, who accepted his payment but then told him he should not be at the office due to the no-trespass order. The next day, a police officer went to appellant's residence at Otter Tail Power's request to remind appellant that the no-trespass order was still in effect. Appellant told the officer that he did not agree with the order because he needed to pay his bills in cash and wanted to pay them in person. This payment method was apparently easier and cheaper for appellant, because he did not have a checking account and he did not want to spend extra money to buy a money order. At trial, appellant testified that he believed he had a right to go to the office in person to pay his bill. Appellant stated that no one ever told him he had permission to enter Otter Tail Power property.

On July 18, 2014, appellant again went to the Otter Tail Power office to pay his bill. The parties dispute exactly what occurred, but they agree that appellant and staff members had a negative interaction that resulted in staff calling the police. On July 20, 2014, appellant told a police officer that he knew he was not supposed to be at Otter Tail Power's office on July 18. The officer testified that appellant stated he knew this based on a letter he received from Otter Tail Power and a police officer's verbal warning reiterating the no-

trespass order.  Appellant told the officer that he needed to go to the office because he had to pay his bill in person, and that he believed he did not need to abide by the no-trespass letter because it was not signed by a judge.  The state charged appellant with trespassing and disorderly conduct based on his actions at the Otter Tail Power office on July 18, 2014. A jury found appellant guilty of both counts.

## D E C I S I O N

Appellant argues that he had a reasonable, good-faith belief that he was permitted to enter Otter Tail Power's property, and that the state did not carry its burden to disprove his claim of right.  The state argues that it proved beyond a reasonable doubt that appellant did not have a claim of right to enter Otter Tail Power's office, and that appellant claimed no other property right that would permit him to enter Otter Tail Power property.

"In reviewing the sufficiency of evidence in a criminal case, we are limited to ascertaining whether, given the facts in the record and the legitimate inferences that can be drawn from those facts, a jury could reasonably conclude that the defendant was guilty of the offense charged." *Bernhardt v. State*, 684 N.W.2d 465, 476 (Minn. 2004) (quotation omitted).  We "assum[e] the jury believed the state's witnesses and disbelieved any evidence to the contrary." *State v. Moore*, 438 N.W.2d 101, 108 (Minn. 1989).  "We will not disturb the verdict if the jury, acting with due regard for the presumption of innocence and for the necessity of overcoming it by proof beyond a reasonable doubt, could reasonably conclude that [a] defendant was proven guilty of the offense charged." *Bernhardt*, 684 N.W.2d at 476-77 (alteration in original) (quotation omitted).

The state charged appellant with trespassing in violation of Minn. Stat. § 609.605, subd. 1(b), which provides,

> A person is guilty of a misdemeanor if the person intentionally . . . returns to the property of another within one year after being told to leave the property and not to return, if the actor is without claim of right to the property or consent of one with authority to consent.

The state bears the initial burden to prove beyond a reasonable doubt that a defendant is without claim of right. *State v. Brechon*, 352 N.W.2d 745, 750 (Minn. 1984). "[I]n a criminal trespass case the state must present evidence from which it is reasonable to infer that the defendant has no legal claim of right to be on the premises where the trespass is alleged to have occurred." *Id.* In the district court, the state presented evidence that appellant did not own Otter Tail Power, and that he understood that he was not permitted to enter Otter Tail Power property.

Once the state showed that appellant did not own the property or have some other legal claim of right to enter the property, the burden shifted to appellant. "If the state presents evidence that defendant has no claim of right, the burden then shifts to defendant who may offer evidence of his reasonable belief that he has a property right, such as that of an owner, tenant, lessee, licensee or invitee." *Id.* Because this requires a defendant to negate an element of the charged crime, "the defendant is required only to adduce sufficient evidence on the proffered defense to make the defense one of the issues of the case." *State v. Auchampach*, 540 N.W.2d 808, 817 (Minn. 1995). The jury decides whether a defendant's evidence is sufficient to establish a claim of right. *Brechon*, 352 N.W.2d at

750. "Subjective reasons not related to a claimed property right or permission are irrelevant and immaterial to the issue of claim of right." *Id.* If a defendant presents sufficient evidence, "the burden then shifts back to the state to prove beyond a reasonable doubt the lack of the defense, or its converse." *Auchampach*, 540 N.W.2d at 817.

During trial, the state introduced evidence to show that appellant received the no-trespass order and understood it, but did not agree with it for reasons that were not objectively reasonable. Appellant testified that he believed he had a right to go to the Otter Tail Power office to pay his bill. On appeal, appellant argues that his belief was based on a monthly electric bill from the company that contained language inviting him to pay in person. The bill states that if a customer is "paying in person," the customer should "bring the entire bill." The bill also gives the address of the Morris, Minnesota office and invites customers to "visit or write our office" at that address.

Appellant argues that he "proved at trial that he had a good-faith reasonable belief [that he could] pay his bill in person because his bill expressly invited him to do so." Appellant did not make this argument in the district court. No testimony offered at trial, or any statement made in opening or closing arguments, suggested that appellant read his monthly bill as an invitation to enter Otter Tail Power's property in spite of the no-trespass order he had received. Appellant claims that he introduced his September 2013 electric bill into evidence "as an example of what [appellant] received each month." But appellant's testimony regarding the electric bill at the time it was introduced relates only to his argument that Otter Tail Power had unfairly disconnected his electricity. He testified

6

that he presented the bill to Otter Tail Power staff when he went to the company's office in October 2013 to challenge his service being disconnected. Appellant's testimony indicates that he intended to use the bill to show staff that the company had wrongly disconnected his power because the due date on his bill indicated to him that he still had time to pay the balance due. Appellant did not describe the electric bill as an invitation he received each month to enter Otter Tail Power property despite the no-trespass order.

The record shows that appellant failed to produce evidence that he had a reasonable, good-faith belief that he was permitted to enter Otter Tail Power property to pay his bill in person. It is not reasonable to believe that one has a right to enter property after receiving a no-trespass letter from the property owner and a verbal warning directly from a police officer. Appellant acknowledged that he received notice from Otter Tail Power and that he heard and understood a police officer's warning that he should not return to Otter Tail Power property. The evidence was sufficient for a jury to reasonably conclude that appellant was without claim of right.

**Affirmed.**