*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1502**

State of Minnesota,
Respondent,

vs.

Dennis Lowell Halverson,
Appellant.

**Filed December 5, 2016
Affirmed
Stauber, Judge**

Hennepin County District Court
File No. 27CR1436278

Lori Swanson, Attorney General, St. Paul, Minnesota; and

James Hoeft, Champlin City Attorney, Jennifer C. Moreau, Assistant City Attorney, Barna, Guzy & Steffen, Ltd., Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Chang Y. Lau, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Stauber, Presiding Judge; Schellhas, Judge; and Reyes, Judge.

## UNPUBLISHED OPINION

**STAUBER**, Judge

Appellant challenges his trespass convictions, arguing that the state failed to prove beyond a reasonable doubt that he lacked a claim of right to return to an area adjoining

the complainant's condominium or lacked a bona fide belief that he had a claim of right to be in that area when he returned to the property after being told to leave. We affirm.

**FACTS**

Appellant Dennis Lowell Halverson lives in a condominium owned by his mother at Elm Creek Court Homes in Champlin. A.K., the victim in this case, is the president of the board of directors of the Elm Creek Court Home Association (Association).

The Association rules include the following procedure for reporting violations:

> Unit owners and residents are encouraged to attempt to resolve individual differences with their neighbors before seeking recourse through the Rules and Regulations channel. An owner or resident may deliver to a member of the Board or the Management Company a written and signed complaint or email stating which rule is being violated (by citing the rule or describing the action), by whom and when (date, and time where practical).

The condominium property is managed by Omega Management (Omega).

Appellant routinely made complaints to A.K. about Association rules infractions he had personally observed at the condominium property, including such matters as plants being hung on a fence, the placement of garbage cans, and vehicles parked on the property with expired tabs. A.K. learned from Omega that before she became president of the Association board and due to the frequency of appellant's complaints, Omega had asked appellant to send his complaints directly to Omega. But in the fall of 2014, appellant personally delivered complaint letters to A.K. at her condominium "multiple times a week at different hours." At first, A.K. would personally deliver appellant's

2

letters to Omega, but she eventually asked appellant to send them directly to Omega himself because the job of forwarding his letters was becoming "unwieldy."

Despite A.K.'s attempts to curtail appellant's personal deliveries, appellant continued to bring his complaint letters to A.K. into the month of December. A.K. then stopped answering her door, but during a four-day period in early December appellant came to her condominium unit 13 times when she was at home, on one occasion pounding on her door for five minutes. On December 7, appellant came to A.K.'s condominium five different times and rang the doorbell.

Early in the morning of December 8, A.K. went to the Champlin police to initiate trespass charges against appellant. Officer Terry Cassem advised A.K. to call the police the next time appellant came to her condominium. When appellant again came to her door at 11 a.m. on that same day, A.K. called the police. They responded and located appellant on A.K.'s sidewalk, between her driveway and front door, and issued him a notice of trespass that directed him to stay off of A.K.'s property. At 4:15 p.m. on the same day, appellant walked across A.K.'s lawn, up her walkway to her porch, rang the doorbell, and then left. Police again came to A.K.'s condominium, located appellant about a half a block away, and issued appellant a citation for misdemeanor trespass. Even after the citation was issued, appellant continued to mail complaints to A.K.

At appellant's jury trial, the central issue was whether appellant's actions constituted trespass. The Association rules provide that condominium property consists of "[t]he entire parcel of land and all improvements thereon, including Common Elements, Limited Common Elements and Units." A "unit" is defined as "[t]hat portion

3

of the Condominium designed for living purposes and designated for separate Ownership."  A "common element" is defined as "[a]ll portions of the Condominium and the Condominium property other than the Units."  "Limited Common Elements" are defined as "[a]ny part of the Common Elements which has been designated specifically for the enjoyment and exclusive use of a particular unit, such as patios, Garage Stalls, and exterior doors and windows."

A.K. testified that the limited common elements connected to each unit are for the exclusive use of the unit owner, and described the Association's role in those areas as to promote "consistency of esthetic" on the property.  She also described the limited common elements as being "for one unit's use" and stated that they include such things as her "front door, . . . walkway, . . . porch, . . . patio, [and] front windows."  The Association rules require condominium owners to pay for necessary repairs to their limited common elements.

The jury found appellant guilty of trespass.  The district court imposed a 30-day stayed sentence and placed appellant on probation.  He now appeals.

## D E C I S I O N

On a claim of insufficient evidence to support a guilty verdict, an appellate court

> will view the evidence in the light most favorable to the verdict and assume that the factfinder disbelieved any testimony conflicting with that verdict.  The verdict will not be overturned if, giving due regard to the presumption of innocence and the prosecution's burden of proving guilt beyond a reasonable doubt, the factfinder could reasonably have found the defendant guilty of the charged offense.

4

*State v. Palmer*, 803 N.W.2d 727, 733 (Minn. 2011) (quotations and citations omitted).

"It is axiomatic that it is the State's burden to prove every element of the charged offense." *State v. Struzyk*, 869 N.W.2d 280, 289 (Minn. 2015).

Under Minn. Stat. § 609.605, subd. 1(b)(8) (2014), a person commits a misdemeanor "if the person intentionally . . . returns to the property of another within one year after being told to leave the property and not to return, if the actor is without claim of right to the property or consent of one with authority to consent." "'[W]ithout claim of right' is an element the state must prove beyond a reasonable doubt" by offering evidence "from which it is reasonable to infer that the defendant has no legal claim of right to be on the premises where the trespass is alleged to have occurred." *State v. Brechon*, 352 N.W.2d 745, 750 (Minn. 1984). Under traditional principles of property law, this evidence would consist of evidence "that the title or right of possession is in a third party and that no title or permission has been given to defendant, or if given has been withdrawn." *Id*.

If the state satisfies its burden to prove that the defendant acted "without claim of right" in returning to the subject property, "the burden then shifts to the defendant who may offer evidence of his reasonable belief that he has a property right, such as that of an owner, tenant, lessee, licensee or invitee." *Id*. But "[t]he claim of right is a defense only if it is bona fide." *State v. Hoyt*, 304 N.W.2d 884, 890 (Minn. 1981).

> An act which, as related to the true owner of land, might appear to be trespass is not in fact a trespass, if the act is committed in good faith by one who actually and sincerely believes that he is authorized (either because authorized by the true owner, or

5

because he believes himself to be the true owner) to do the act in question.

*Id*. (quotation omitted). In contrast to a bona fide claim of right, a false claim made by a person who cannot establish "circumstances indicative of innocent purposes" is not a defense to trespass. *State v. Quinnell*, 277 Minn. 63, 70-71, 151 N.W.2d 598, 604 (1967).

Appellant argues that A.K. lacked a claim of right to the limited common elements adjoining her condominium. Viewing the evidence in the light most favorable to the verdict, the evidence is sufficient to prove this element of the offense. A.K. individually owned her condominium unit, which by Association rules was "designated for separate Ownership." The area around A.K.'s unit that constituted limited common elements was "designated specifically for the enjoyment and *exclusive* use of [A.K.'s] particular unit," and A.K. was required to pay for repairs to that area. (Emphasis added.) This gave A.K. a sufficient possessory interest to exclude others from that area. *See State v. Zimmer*, 478 N.W.2d 764, 766 (Minn. App. 1991) (noting that in criminal trespass action the state had the burden to prove that a priest was the "lawful possessor" of church property and could order person off the property), *aff'd,* 487 N.W.2d 886 (Minn. 1992); *cf. Minch Family LLLP v. Buffalo-Red River Watershed Dist.*, 628 F.3d 960, 967 (8th Cir. 2010) ("In Minnesota, the elements of trespass are a rightful possession in the plaintiff and unlawful entry upon such possession by the defendant." (quotation omitted)); *Poppler v. Wright Hennepin Co-op Elec. Ass'n*, 834 N.W.2d 527, 551 (Minn. App. 2013) (stating that "[t]he

gist of the tort of trespass is the intentional interference with rights of exclusive possession" (quotation omitted)), *aff'd,* 845 N.W.2d 186 (Minn. 2014).

Further, in addition to having a possessory interest in the limited common elements, A.K. was also part-owner of all of the condominium property, including her unit, the common elements, and the limited common elements. As a part-owner of the limited common elements adjoining her unit, A.K. had a claim of right that allowed her to exclude others with no ownership interest from that area. Appellant offered no evidence to show that he had either an ownership or possessory interest in any of the condominium property. He did not offer evidence to show that he owned a condominium unit on the property. Moreover, he did not offer evidence to show that he had a possessory interest in the property by meeting the Association's definition of a "renter," because he "leas[ed] or rent[ed] from a Unit Owner."[1] As such, appellant did not offer sufficient evidence to establish a claim of right to be in the area where he trespassed.

**Affirmed.**

---

[1] Appellant resided in his mother's condominium.